## Bacon *vs.* Dyer.

In an action on a promissory note, made payable at a time and place certain, no averment or proof of a demand is necessary on the part of the plaintiff; — but if the maker was ready to pay at the time and place specified, that would be matter of defence.

This was an action of *assumpsit*, upon a promissory note of the defendant for one hundred dollars, payable in *one year* with interest, *at the defendant's store in Baldwin*. On the back of it was an indorsement of forty dollars in the hand writing of the defendant, and bearing date subsequent to the maturity of the note.

The plaintiff in his declaration alleged a presentment of the note by the holder at the place of payment, and demand of pay-

ment, and after issue joined, he proposed to amend by filing a new declaration in which this allegation was omitted, and also a count for money had and received.

To this the defendant's counsel objected; but *Ruggles J.* before whom the cause was tried in the Common Pleas, overruled the objection and allowed the amendments.

The plaintiff offered no evidence of a presentment of the note at the time and place of payment, other than the indorsement aforesaid, which he contended was sufficient. The defendant's counsel thereupon moved for a nonsuit; but the presiding Judge declined ordering it; and in committing the cause to the jury instructed them, that the indorsement was sufficient evidence of the presentment, so far as any proof of that fact was necessary. To which, a verdict being returned for the plaintiff, the defendant filed his exceptions, and thereupon brought the cause up to this Court.

*G. W. Pierce*, for the defendant, relied upon the case of *Tuckerman & al.* v. *Hartwell*, 3 *Greenl.* 147, in support of the position that it was necessary to allege and prove a presentment at the time and place of payment.

*Fessenden & Deblois* for the plaintiff, to show that no presentment was necessary cited the following authorities: 17 *Johns. R.* 248; 3 *Kent's Com.* 98; *Haxtun* v. *Bishop*, 3 *Wen.* 1; *Caldwell* v. *Cassidy*, 8 *Cow.* 271; *U. S. Bank* v. *Smith*, 11 *Wheat.* 171; *Woodbridge* v. *Bingham*, 12 *Mass.* 405; 4 *M. & S.* 462; *Carley* v. *Vance*, 17 *Mass.* 389; *Ruggles* v. *Patten*, 8 *Mass.* 480. To show that the partial payment was evidence of a waiver of the right to require a demand at the stipulated time and place, they cited *Herring* v. *Sanger*, 3 *Johns. Cas.* 71; *Hopkins* v. *Liswell*, 12 *Mass.* 52; *Jones* v. *Fales*, 4 *Mass.* 251; *Widgery* v. *Munroe*, 6 *Mass.* 436; *Chit. on Bills*, 248; *Boyd & al.* v. *Cleaveland*, 4 *Pick.* 525; *Fuller* v. *McDonald*, 8 *Greenl.* 213. The payment might also be regarded as evidence of a demand having been made. *Barker* v. *Parker*, 6 *Pick.* 80.

WESTON C. J. — The defendant objects to the filing of the new counts in the court below, by permission of the Judge, under leave to amend; but they were clearly within the practice,

which is well settled in regard to amendments. They were counts for the same cause of action, varying only in the form of declaring.

Whether in an action against the maker of a promissory note, or the acceptor of a bill of exchange, payable at a certain time and place, the plaintiff is bound to aver and prove a demand at the place appointed, has been the subject of great discussion in the English courts ; where there has been much conflict of opinion. It would be labor bestowed to little purpose to review the cases there. Most of them have been examined by *Spencer C. J.* in *Wolcott* v. *Van Santvoord,* 17 *Johns.* 248, and have been adverted to in other cases cited in the argument. But the question was put at rest in *England,* by the case of *Rowe* v. *Young* in the house of Lords, 2 *Brod. & Bing.* 165. It was there decided, that if a bill of exchange be made payable at a particular place, the declaration in an action on such bill, must aver presentment at that place, and the averment must be proved. The bill in controversy in that suit, was payable two months after date. It is worthy of remark that this decision was against the opinion of eight of the Judges, one of whom was *Bayley* of the king's bench, the learned author of the treatise upon bills and notes. In the elaborate opinion, by him pronounced on that occasion, he says, " another rule upon the subject of demands, I take to be this, that the fixing a special time and place for payment, will not make an actual demand at the time and place necessary, as part of the plaintiff's title in a case in which otherwise the demand would not be necessary ; but that, in that case also, a tender or readiness to pay at the time and place, is matter of defence, and of defence only." In the great commercial State of New York, it has been repeatedly decided that an averment and proof of demand in such cases is not necessary. *Fodom & al.* v. *Sharp & al.* 4 *Johns.* 183. *Wolcott* v. *Santvoord,* 17 *Johns.* before cited, where *Spencer C. J.* goes at large into a consideration of the question, upon principle and authority. To the same effect is *Caldwell* v. *Cassidy,* 8 *Cowan,* 271, and *Haxtun* v. *Bishop,* 3 *Wendell,* 1. There are intimations of an opposite tendency in *Woodworth* v. *The Bank of America,* in the Court of Errors, 19 *Johns.* 391 ; but that was a case, in which the liability of an in-

dorser was in question ; to charge whom a demand at the place appointed must be averred and proved ; as has been held in many of the cases, maintaining a different doctrine, when the suit is against the maker or acceptor. In that case, the judgment of the Supreme Court was reversed, against the opinion of the Chancellor. In *Caldwell* v. *Cassidy*, before cited, the court distinguish between a note, payable on demand at a certain place, and one payable at an appointed time as well as place ; holding that in the first case, as for instance upon a bank bill, an averment and proof of demand is necessary, but not in the last. The same distinction is taken by some of the Judges in *Rowe* v. *Young*. In the case before us, the note was not payable on demand.

In the case of the *Bank of the United States* v. *Smith*, 11 *Wheaton*, 171, *Thompson J.* who delivered the opinion of the court, after adverting to the decision in *Rowe* v. *Young*, says, "a contrary opinion has been entertained by courts in this country that a demand on the maker of a note, or the acceptor of a bill, payable at a specific place, need not be averred in the declaration, or proved on the trial. That is not a condition precedent to the plaintiff's right of recovery." But upon this point, as it was not necessary, the court did not give a decided opinion ; but intimated that they were strongly inclined to think that, as against the maker or acceptor of such note or bill, no averment or proof of demand of payment at the place designated, would be necessary.

But there are decisions in *Massachusetts* of a more authoritative character in this state, one prior to our separation and one directly afterwards, before any change could have taken place in the law of either state. *Ruggles* v. *Patten*, 8 *Mass.* 480, was brought by the indorser against the maker of a negotiable note, for the payment of a sum of money, in four months, at the Penobscot Bank, kept at *Buckstown*. The defendant, in his fourth plea, alleged that the plaintiff, the holder, did not demand payment at the Penobscot Bank, at the maturity of the note. To this plea the plaintiff demurred specially, and the defendant joined in demurrer. The court adjudged the plea bad ; holding a demand at the bank unnecessary. In *Carley* v. *Vance*, 17 *Mass.* 389, the action was brought by the payee of a note against the maker.

Bacon *v.* Dyer.

The note was payable at a specified time and place. The declaration contained no averment of a demand at the place appointed. The defendant pleaded that he had the money ready at the time and place to pay the note ; but that the plaintiff was not there to receive it. The plaintiff demurred generally to the plea, and the defendant joined in demurrer. The court held clearly, that when a note is made payable at a certain time and place, no averment or proof of demand is necessary against the maker ; although it would have been otherwise, if the action had been against an indorser. If such an averment had been essential, the declaration, which omitted it, must have been adjudged bad. It was further held, that if the defendant was ready with his money, at the time and place stipulated, it was matter of defence, and must be so pleaded, with a *profert in curia*, as to the money ; and because the profert was omitted, the court adjudged the plea bad.

The former of these decisions is equally binding upon us as upon *Massachusetts*, and the second is certainly evidence of what the law was upon this question, at the time of our separation. No conflicting opinion has been adduced in *Massachusetts* or *Maine*. The note in suit was payable at a certain time and place ; and our opinion is, that in such a case, no averment or proof of demand was necessary, on the part of the plaintiff ; but if the defendant was ready at the time and place, it is matter of defence. And as the verdict is legally sustained upon this ground, it becomes unnecessary to advert to that, upon which it was placed at the trial.

*Judgment affirmed.*