ALLAIN & TREMOULET *vs.* LAZARUS.

EASTERN DIST.
*February,* 1840.

ALLAIN & TRE-
MOULET
*vs.*
LAZARUS.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT, FOR THE PARISH OF ST. TAMMANY, THE JUDGE THEREOF PRESIDING.

The general rule is well settled, that, when a promissory note is made payable at a particular place, a recovery cannot be had on it, without proof of a demand at the place of payment.

There are exceptions to the general rule, and by the commercial law it is not necessary for the payee to prove a demand of the acceptor of a bill in order to recover of *him,* but it is necessary to show his default to charge the endorser.

So, where the payee is in possession of a note, the burden ought to devolve on the obligor or maker to show a readiness and offer to pay, or funds placed in the hands of the payee for that purpose, if he wishes to exonerate himself.

The testimony of one witness, corroborated by a mortgage, will be deemed sufficient to prove an open account over five hundred dollars, when it appears the mortgage was given to secure payment of all liabilities the plaintiffs were to come under for the defendant; and that the account embraced these objects.

This is an action against the maker for the amount of five promissory notes; and on an open account for interest, drafts and acceptances paid, and goods furnished, &c., according to an account annexed. The notes were drawn, payable to the order of the plaintiffs, at their counting-house, in New-Orleans; and a mortgage taken on several tracts of land and lots of ground to secure the payment, not only of the five notes sued on, but of all other promissory notes, drafts, bills of exchange, and all other engagements, liabilities and responsibilities, by the said firm of Allain & Tremoulet on an account of said Isaac Lazurus, &c.

The plaintiffs pray judgment for the amount of the demand, including the notes and account, and that the mortgaged property be seized and sold to satisfy said judgment.

The defendant pleaded a general denial. On the trial, the defendant's counsel objected to the notes being given in

HARVARD LAW SCHOOL LIBRARY

EASTERN DIST.
February, 1840.

ALLAIN & TRE-
MOULET
vs.
LAZARUS.

evidence, because there was no proof of a demand of payment of said notes at the place where they were made payable. The court admitted them, and the defendant took his bill of exceptions.

The account was proved by a single witness, who testified that he presented it, excepting the interest since added, and the defendant acknowledged the correctness of it and asked time for payment. The mortgage was also produced on the trial.

On this evidence, the jury returned a verdict for the plaintiffs. After an unsuccessful effort to obtain a new trial, from judgment confirming the verdict, the defendant appealed.

*Pichot*, for the plaintiffs, said the defendant had based his defence on two grounds :

1st. That the promissory notes ought not to have been received in evidence, because no evidence was offered that they had been presented for payment at the place indicated, and no protest was made of those notes.

2d. That plaintiffs did not make out their case on the other notes mentioned in the account current ; that there was but one witness without corroborating circumstances.

In support of the first ground, several decisions of the Supreme Court have been cited, which it is unnecessary to notice, not being applicable to the present case.

In this case the payment was to be made at the counting-house of plaintiffs, who were the holders and owners of the promissory notes mentioned in the account current sued on. Can it be pretended, with any shadow of reason, that plaintiffs were to put the notes in the hands of a notary, and require him to ask from themselves if they had any money of defendant in their hands to meet the payment ? *Inutilia abhorret lex.* In none of the cases alluded to by defendant, did the notes belong to the banks or persons at the domicil of which they were made payable ; and it is evident that, if it had been the case, the Supreme Court would have decided in a different manner, and in conformity with our present request. If there could be any doubt upon the subject, one

EASTERN DIST.
*February,* 1840.

ALLAIN & TRE-
MOULET
*vs.*
LAZARUS.

of the authorities cited by defendant in support of his position, would decide it in our favor. See the case of Smith *vs.* Robinson, 2 *Louisiana Reports,* 405.

2. The verdict of the jury is conclusive on this point. There was abundant evidence to support the account. In addition to the testimony of one witness, the mortgage was produced in evidence, which was a strong corroborating circumstance in proof of the account. The jury were fully satisfied of its sufficiency.

*Hennen,* for the defendant and appellant.

1. The counsel for the defendant contends, that no action can be maintained on these five notes, until a demand has been made, at the counting-house of Allain & Tremoulet, in New-Orleans; and, consequently, until proof is made of such demand, that the notes could not be given in evidence. There is not, in the petition, even an allegation that demand was made of payment of these notes, at the counting-house of Allain & Tremoulet. Therefore, on an order of seizure and sale, on the mortgage given' for securing their payment, the order would be set aside, although it was alleged that payment was duly and amicably demanded of the defendant. See the case of Moss *vs.* Byrnes. 12 *Louisiana Reports,* 615. A case equally strong, if not stronger, is found in the same volume, 472, Warren *vs.* Briscoe, when the notary stated in his protest that " he went to the Planters' Bank, Natchez, (where the note was made payable,) and was informed by the teller that there were no funds in bank for the payment of the above mentioned note."

But the court decided " that a demand of payment and presentment of the note, at the place indicated by the instrument itself, are indispensable to the recovery," and non-suited the plaintiff.

In the same volume, page 454, Warren *vs.* Allnutt, the court maintained the same principles, and say : " It has frequently been held by this court, that no recovery would be had in such cases, unless demand of payment be made at

EASTERN DIST. the place agreed on by the parties to the obligation." 3
February, 1840. *Martin, N. S.*, 423.    10 *Louisiana Reports*, 552.

ALLAIN & TRE-
MOULET
*vs.*
LAZARUS.

2. In Morton *vs.* Pollard, 10 *Louisiana Reports*, 552, the court says: "The demand at the place (indicated in the note) was a condition precedent, which the plaintiff was bound to allege and prove.  But in this suit, there is neither allegation nor proof of the demand, at the counting-house of Allain & Tremoulet.  The same point is decided in Smith *vs.* Robinson, 2 *Louisiana Reports*, 405.  All which cases are in accordance with the first case decided by this tribunal. 3 *N. S.*, 423.  Mellon *vs.* Croghan.

3. The jurisprudence of the court having been thus repeatedly settled, it is presumed no deviation in it will now be made ; consequently, the court erred in admitting the evidence, and the cause should be remanded for a new trial.

4. The plaintiffs did not make out their case on the other notes mentioned in the account current sued on ; for none of these notes were produced.  They amount to six or seven thousand dollars, and there was but one witness, without corroborating circumstances, to establish them.  *Louisiana Code, art.* 2257.  The notes themselves, being the best evidence, should have been produced and filed.  Without them the plaintiffs had no right to judgment for their account.

*Bullard, J.*, delivered the opinion of the court.

This is an action upon sundry promissory notes, and upon an account for moneys advanced and goods sold, as well as for commission as factors.  It is alleged that the amount due is secured by special mortgage.  There was a verdict and judgment for the plaintiffs, for a large part of their demand, and the defendant appealed.

The appellant has relied upon two points.  1st. That the notes were improperly admitted in evidence without proof of a previous demand of payment, at the place at which they were made payable.

2d. That the testimony of a single witness, not corroborated by other circumstances, was insufficient to prove the

EASTERN DIST.
February, 1840.

ALLAIN & TRE-
MOULET
vs.
LAZARUS.

demand on the account, which greatly exceeded five hundred dollars.

I. The five promissory notes sued on, secured by mortgage, were made payable at the counting-house of the present plaintiffs, who were the original payees. The general rule is well settled in this court, that, when a promissory note is made payable at a particular place, a recovery cannot be had upon it without proof of a demand at the place of payment. 3 *Martin, N. S.*, 423. 10 *Louisiana Reports*, 552.

But we are of opinion that the case now before us forms an exception to that rule. The commercial law, as understood by some of the courts of the United States, and perhaps in England, does not render it necessary for the payee to prove a demand of the acceptor, in order to recover of him, but it is necessary to show his default in order to recover of the endorser or the drawer. *Chitty on Bills*, 394. In the case before the court the maker of the note contracted the obligation to repair to the counting-house of the payees, and to make payment. They must be presumed always ready and willing to receive ; and when it is shown that the payees are still in possession of the note, the burden ought to devolve on the obligor to show a readiness and offer to pay on funds placed in the hands of the payee, for that purpose, if he wishes to exonerate himself. Wallace *vs.* McConnell, 13 *Peters' Reports*, 136.

So, where the payee is in possession of a note, the burden ought to devolve on the obligor or maker to show a readiness and offer to pay, or funds placed in the hands of the payee for that purpose, if he wishes to exonerate himself.

II. Upon the second point, it appears that the case was left to the jury. A single witness deposed that he had presented the account to the defendant, except the interest since added ; the defendant acknowledged the correctness of the account and asked time for payment. The account current shows, on the debit side, some goods sold, drafts accepted and paid, and notes taken up, together with commissions ; and on the credit side, the proceeds of various shipments of cotton, &c., in the usual manner of accounts of a commission merchant. The balance of that account, for which the verdict was rendered, greatly exceeds the sum of five hundred dollars ; and, consequently, a single witness, without

corroborating circumstances, would be insufficient. It is contended that the mortgage, which was given in evidence, constitutes such corroborating circumstances. The mortgage purports to secure, not only the payment of the five promissory notes already mentioned, but "all other promissory notes, drafts, bills of exchange, and all other engagements and liabilities and responsibilities of the said firm of Allain & Tremoulet, on account of said Lazarus." This contract certainly contemplates the same course of dealings between the parties, which is detailed in the account current, and thereby renders probable what the witness has testified to or corroborating his statement. The jury may well have considered it sufficient to authorize their verdict, and we do not think ourselves called on to disturb it.

It is, therefore, ordered and decreed, that the judgment of the District Court be affirmed, with costs.