### No. 3238.

B. K. HUNTER v. M. J. DUNHAM et al.—T. H. J. RICHARDSON, Intervenor.

The plaintiff being ostensibly the owner, under his purchase at sheriff's sale, of the property rented to defendants, is entitled to its revenues. If the intervenor is the real owner and as such entitled to both the property and its revenues, he must seek his remedy in a different direction.

APPEAL from the Ninth Judicial District Court, parish of Rapides. *Orsborn* J. *R. A. Hunter*, for plaintiff and appellee. *William A. Seay* and *J. F. Smith*, for intervenor and appellant.

TALIAFERRO, J.   The decree just rendered in the case of Thomas H. J. Richardson v. Levin P. Smith, et al., No. 5044, determines the decision to be rendered in this case.   B. K. Hunter, the plaintiff in this case, sues Woodward and Dunham for six hundred dollars, the amount for which he leased to them for the year 1869 the land and plantation he purchased at sheriff's sale in the suit of R. A. Hunter v. J. H. J. Richardson, and for which the latter sued B. K. Hunter in the suit No. 5044.

In the suit now before us, Richardson intervened, claiming the rent due by Woodward and Dunham, alleging himself to be the owner of the property, and that he himself had rented the premises in question to the lessees, Woodward and Dunham, for the year 1869, at the price of six hundred dollars.

The defendants answered in substance that they had no further interest in the controversy than being secure in paying the amount of their indebtedness to the party legally determined to be entitled to it. There was judgment dismissing the intervention and decreeing the defendants to pay six hundred dollars, the amount sued for, to the plaintiff, B. K. Hunter.   The intervenor appealed.

We think the judgment correct.   Being ostensibly the owner under his purchase of the property at sheriff's sale, he was entitled to its revenues.   If as the real owner, and as such entitled to both the property and its revenues, the intervenor will have to seek his remedy in a different direction.

It is therefore ordered that the judgment appealed from be affirmed, with costs.