LIMBERG v. HIGGINBOTHAM ET AL.

Under the code, chapter 1, section 22, providing that any person having an interest in the matter in litigation may intervene by petition filed in the action, setting forth the grounds thereof, the petition of an intervenor in an action for rent due upon a lease contract, in which he had no interest, setting up his ouster by the plaintiffs, and claiming the property, is properly dismissed.

*Error to District Court of Lake County.*

IN the court below the defendants in error, S. C. Higginbotham and G. M. Barnes, were plaintiffs, against John J. M. McRobbie, on a demand for rent due on a lease contract between them; in which action the plaintiff in error, Charles T. Limberg, filed his petition of intervention, which petition was *dismissed* by the court on motion of the said plaintiffs there. Judgment was given for the said Higginbotham & Barnes against McRobbie, from which the said McRobbie appealed to this court, and the said Limberg brings the case here upon writ of error,

upon exceptions taken to the order of the court dismissing the petition of intervention. And this is the question presented in this case for consideration here. The allegations of the said petition were as follows: "That the petitioner, Limberg, is, and has been ever since the 20th day of February, 1879, the owner in fee-simple, and entitled to the possession, of lots 1 and 2, in block No. 5, in the Leadville Improvement Company's addition to the city of Leadville. That on or about the 20th day of February, 1879, S. C. Higginbotham and George M. Barnes, then doing business as partners under the firm name and style of Higginbotham & Barnes, unlawfully dispossessed and ousted the petitioner of and from the said premises, and withheld the same from this petitioner since the 20th day of February, 1879, up to the 5th day of December, 1883, when a special execution was issued in the nature of a writ of possession, based upon the affirmance of a judgment rendered in the district court of the fifth judicial district of the state of Colorado in the county of Lake, on the 12th day of April, 1882, the supreme court having decided that the Leadville Improvement Company, the grantor of this petitioner, was entitled to the possession of the premises aforesaid. That in the said suit the Leadville Improvement Company was plaintiff, for the use of this petitioner. That during all of said time, to wit, between the 20th day of February, 1879, and the 5th day of December, 1883, the said Higginbotham & Barnes were in the possession of said premises, collecting and receiving the rents, issues and profits thereof. That the said John J. M. McRobbie, the defendant herein, occupied as a tenant of the said Higginbotham & Barnes, as it is claimed, certain parcels of the said lots 1 and 2; and that said Higginbotham & Barnes are seeking in this suit to collect the sum of $425 for the rent of said premises, due September 15, 1883, the property of this petitioner. That the land so occupied and used by said McRobbie, aforesaid, is the property of

this petitioner, and not the property of the said Higginbotham & Barnes."

Mr. C. H. WENZELL, for plaintiff in error.

STALLCUP, C. Our code provides that "any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in the success of either of the parties to the action, or an interest against both. * * * The intervention shall be by petition filed in the court in which the action is pending, and it must set forth the grounds upon which the intervention rests." It appears that the petitioner had no interest in the matter in litigation; that being a sum due to Higginbotham & Barnes from McRobbie upon a lease contract, in which contract the intervenor had no ownership or interest whatever. There was nothing alleged in the petition showing that the rights or remedies of the petitioner could in any way be affected by the judgment which might be entered between the parties plaintiffs and defendant in the case, or that the petitioner had such an interest in the matter in litigation that he would gain or lose by the direct legal operation and effect of such judgment. The order against the intervention was therefore without error. *Harlan v. Mining Co.* 10 Nev. 92; *Hunter v. Dunham,* 26 La. Ann. 141; *Lewis v. Harwood,* 28 Minn. 438. The judgment should be affirmed.

DE FRANCE and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is affirmed.

*Affirmed.*