## CURTIS v. LATHROP.

PARTIES — INTERVENTION. — The denial of a petition to intervene in an action brought to establish a trust in certain real estate in favor of plaintiff, by one claiming the legal title to and possession of a certain portion of the premises involved, is not error; it not appearing that the rights or remedies of the intervenor could be affected by a judgment between the parties to the suit.

*Error to District Court of Clear Lake County.*

Mr. L. H. CURTIS, for plaintiff in error.

Messrs. T. B. BRYAN, H. W. HOBSON and M. G. CAGE, for defendant in error.

STALLCUP, C. This writ of error is prosecuted to reverse the order of the district court denying the application of the plaintiff in error, Charles H. Curtis, to be permitted to intervene in the cause of *Rhoba Lathrop v. Charles W. Pollard,* which application was made after remand of that cause upon the first appeal to this court. The relation of the said Curtis to the said cause is shown by the statement and opinion just filed in this court upon the second appeal thereof. There was nothing alleged in the petition of the plaintiff in error showing that his rights or remedies could be affected in any way by the judgment which might be rendered between the parties plaintiff and defendant in that cause. The interest claimed by him was the legal title to and possession of a certain portion of the real-estate premises known as the " Emma Mine," involved in that cause. He could not be divested of the title thereto, nor disturbed in the enjoyment thereof, by the direct legal operation of a judgment between the parties plaintiff and defendant in that cause while he was not party thereto. No right of his, therefore, was affected by the denial of his petition to intervene. *Limberg v. Higgenbotham,* 11 Colo. 316.

The judgment should be affirmed.

DE FRANCE and RISING, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*