WESTCOTT ET AL. v. PATTON.

1. PLEADING AND PRACTICE—PROMISSORY NOTE.

In an action upon a promissory note by the assignee thereof, wherein it was alleged that plaintiff was the legal owner and holder of such note, an answer admitting the execution and that it was unpaid, and that did not deny that plaintiff was the legal owner and holder, but only denied the assignment, creates no material issue, since if plaintiff was the legal owner and holder and in possession of the note, she was entitled to recover even though no formal assignment had been made by the payee to plaintiff. A judgment on the pleadings was proper.

2. PROMISSORY NOTES—PRESENTMENT FOR PAYMENT.

As against the maker of a note payable at a certain time and not on demand, it is not necessary to make any presentment or demand for payment in order to collect interest after maturity. Where no place is specified for the payment, the debtor must seek the creditor in order to make tender or payment.

3. PLEADING AND PRACTICE—TENDER.

Where the plea of tender is permissible, in order to make it effective it must be accompanied by a tender and payment into court.

4. PRACTICE—INTERVENTION.

In a suit upon a promissory note by an assignee of the note, a judgment creditor of the payee of the note has no such interest in the matter in litigation as to entitle him to intervene, on the ground that the payee was insolvent and transferred the note to plaintiff without consideration, and for the purpose of hindering and defrauding his creditors.

*Appeal from the District Court of Pueblo County.*

Mr. H. P. VORIES and Mr. JAMES W. COULTER, for appellant.

Mr. S. HARRISON WHITE, for appellee.

WILSON, J., delivered the opinion of the court.

This was an action on promissory notes by the assignee against the maker, Harriet E. Westcott. The complaint was

in the usual form, and was unobjectionable. It recited, among other things, that "before the maturity of said note, for a valuable consideration, said Robert Patton" (payee) "sold and assigned the said notes to this plaintiff, who is now the legal and lawful holder and owner thereof." The answer admitted the execution and delivery of the notes, and that the same were unpaid. It also set up that at the time when said notes fell due, plaintiff was ready, able and willing to pay them, but that they had not been presented for payment at the place where they were payable. It also averred that "as to whether before said notes fell due, or at any other time or times, the said Robert Patton assigned or transferred said notes to plaintiff, this defendant has not and cannot obtain sufficient knowledge or information on which to base a belief." The defendant prayed that the court order the notes to be deposited in court, and that she be permitted to pay into court the amount due upon each of said notes at the time of its maturity, and that thereupon she be discharged from all liability in connection therewith, and have judgment for her costs. For a further and separate answer it was set up that prior to the institution of this suit, C. M. Henderson & Co. had instituted suit in the county court of Pueblo county against Robert Patton, the payee named in the notes, Mary M. Patton, plaintiff in this suit, Amanda J. Burns and the defendant herein. The precise nature and object of this suit is not set forth, but it was alleged that the county court had issued therein a mandatory injunction directed to the defendants, by which it had ordered and required the two Pattons and Amanda J. Burns to bring into court the four promissory notes involved in this suit, and permit this defendant to pay into that court the money due on said notes, and have the same canceled. It is further alleged that the Pattons were fully informed of this injunction issued by the court, but failed to comply with its order. What the matters set up in this defense have to do with this suit, we are utterly at a loss to determine. It is unnecessary, however, to discuss it, as it was admitted on the trial of this cause in the

district court that these proceedings in the county court had long prior thereto been abandoned and dismissed. When this cause came up for trial in the trial court, plaintiff moved for judgment on the pleadings. This motion was sustained, and defendant appealed. The only question to be determined, therefore, is, Did the answer present an issue which required a trial? Did it put in issue any fact necessary to be proven by plaintiff before she could recover judgment? We think it did not. The answer, it is true, put in issue the alleged assignment by the payee to plaintiff, but this was not essential to plaintiff's recovery. The answer did not attempt to put in issue the allegation that plaintiff had become and was the legal owner and holder of the note for value. This was the material part of plaintiff's allegation. If she were the legal owner and holder of the note for value, and had possession of it, she was entitled to recover even though the payee may not have made any formal assignment to her. The answer expressly admitted the execution and nonpayment of the notes, and did not set up as a defense any matter which would, if admitted, defeat a recovery.

It is claimed by defendant that the notes not designating any place for payment, the place would be the residence of the maker, and that it was the duty of the holder of the notes to demand payment at such place at the time of the maturity of the notes; otherwise, he would not be entitled to recover interest thereon. It is elementary that as against the maker of a note, it is not necessary to make any formal presentment or demand for payment. This is universally conceded where the note is by its terms, as in the case at bar, payable at a time fixed and not on demand or on the happening of any contingency. The suit itself is a sufficient demand, as in other cases of a precedent debt or duty. Daniels, Neg. Ins. § 571; Tiedeman, Com. Paper, § 310; Edwards, Bills, Notes, etc., § 663; Randolph, Com. Paper, § 1070. Presentation for payment is only required where it is sought to hold indorsers and others, who may be secondarily liable. Only in such case, in the absence of a designation of a place of pay-

ment in the instrument itself does the presumption prevail that the place where the note appears to have been executed was intended as the place of payment. The presumption arises from the necessity that there must be a presentation to the maker for payment in order to bind the indorser. Where it is sought to enforce the liability against the maker only, the necessity for presentation and demand of payment does not exist, and therefore the presumption does not prevail. At the utmost it could only be claimed that as a matter of fact, payment was presumptively contemplated at the place of execution. The law would attach no force to the presumption because it would not be material or necessary in the determination of any legal rights.

The ordinary rule as between debtor and creditor is, that where no place of payment is specified in a note for the direct payment of money, the former must seek the latter in order to tender or make payment. *Stoker v. Cogswell*, 25 How. Pr. 274; *Goodwin v. Holbrook*, 4 Wend. 377; *Smith v. Smith*, 2 Hill, 351.

If the maker of a note desires to fully protect himself against accrual of interest after maturity, he can specify in the note a place for its payment. Then under proper circumstances, a tender of payment at this designated place at maturity might entitle him to plead this in bar of recovery of interest accruing thereafter, and of costs of suit. In order however to render this plea effective, when permissible, it would be necessary that it be accompanied by the tender and actual payment into court, subject to the plaintiff's disposal, of the money admitted to be due. *Mulherrin v. Hannum*, 2 Yerg. 81; *Caldwell v. Cassidy*, 8 Cowen, 272; *Hills v. Place*, 48 N. Y. 521. If the profert of the money in court is omitted, the plea would be bad. *Bacon v. Dyer*, 12 Me. 23. Defendant in this case made no payment nor even tender of the money into court, and hence even if this had been a case in which the plea attempted to be made was allowable, it would not have been good.

The notes of defendant specifically provided that they

should severally bear interest from date until paid. In such case, even had the notes designated a place of payment, a failure to have presented for payment at maturity would not have stopped the accrual of interest. Nothing would have done so but a proper tender of payment by the maker. Tiedeman, Com. Paper, § 310.

Prior to the motion for judgment on the pleadings, it appears that C. M. Henderson & Co., who are also appellants herein, filed a petition in intervention in which they recited among other things, that they were judgment creditors of Robert Patton, the payee in the notes; that he was insolvent; that the transfer and assignment of the notes by him to plaintiff was without consideration, and made for the sole purpose of hindering, delaying and defrauding his creditors. The petitioners prayed that they be permitted to intervene and be made parties to the action; that Robert Patton be also brought in as a defendant; and that defendant Westcott be required to pay into court whatever sum should be found due and payable on the promissory notes sued upon; that the transfer of the notes by Robert Patton be declared and adjudged fraudulent as against the intervenor; that the proceeds of the notes be adjudged to be the property of said Robert Patton; and that so much of said proceeds as might be necessary be applied to the payment of the judgment held by petitioners against said Robert Patton. It does not appear that the petitioners had permission to intervene, but it is urged that the petition being on file, the court could not properly render judgment on the pleadings without first disposing of it. The rendition of judgment amounted to a denial of the petition to intervene. This court will consider the matter as if such denial had been expressly made in terms. The question then is: Could the petitioner make such a showing as entitled him to intervene? Did the court err in refusing to entertain his petition? Both questions must in our opinion be answered in the negative. Code section 22 provides that, "Any person shall be entitled to intervene in an action who has an interest in the matter in litigation, in

the success of either of the parties to the action, or an interest against both." The petition shows that Henderson & Co.' were simply creditors of Robert Patton. They had no interest whatever in the matter in litigation, which was solely the debt owing by defendant on certain promissory notes. They had no interest whatever in the result of this suit, and they could in no way be affected by it. It is true that if the allegations in their petition were well founded, they might have the right to attack the proceeds of the suit if plaintiff prevailed, but this was not the proper method in which to make such attack. The petition sought to change the whole nature and character of the suit, and to bring into it for adjudication matters which the court had no power to determine in such an action. The petitioners had no right to intervene. *Limberg v. Higginbotham et al.*, 11 Colo. 316; *Curtis v. Lathrop*, 12 Colo. 169; *Horn v. Volcano Water Company*, 13 Cal. 62.

The judgment is affirmed, and it will be so ordered.

*Affirmed.*