[No. 4903.]

THE FLORENCE OIL AND REFINING COMPANY ET AL. V. THE FIRST NATIONAL BANK OF CANON CITY.

1. Practice in Civil Actions—Bills and Notes—Presentment for Payment—Burden of Proof—Matters of Defense—Pleading.

3 Mills' (Rev.) Stats., § 245m (Sess. Laws '97, p. 225), provides that presentment for payment is not necessary in order

to charge the person primarily liable on the instrument, but if the instrument is, by its terms, made payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part. Held, in an action on a note payable at a specified place, that a demand need not be averred or proved, and, if the maker was ready and offered at the time and place to pay it, this is a matter of defense to be pleaded and proved by him.—P. 121.

2.  Bills and Notes—Payments—Affirmative Defense—Pleading.

In this jurisdiction payment is an affirmative defense and must be specially pleaded.—P. 122.

3.  Appellate Practice—Frivolous Appeal—Penalty.

Where appellants have abused their right, or privilege, of appeal, have needlessly consumed the time of the appellate court with a question previously settled in this jurisdiction, and have vexatiously delayed and harassed appellee in the collection cf a conceded debt, the appellate court should impose a penalty.—P. 123.

*Appeal from the District Court of Fremont County.*

*Hon. Morton S. Bailey, Judge.*

Action by The First National Bank of Canon City against The Florence Oil and Refining Company and Ella L. Gumaer. From a judgment for plaintiff, defendants appeal.    *Affirmed.*

Mr. JAMES T. LOCKE, for appellants.

Mr. CHAS. E. WALDO and Mr. CLYDE C. DAWSON, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The First National Bank of Canon City, as payee, brought suit against the defendants, makers of a promissory note executed at Florence, Colorado, and made payable at the First National Bank in the

city of Denver. The answer was a general denial
only, containing no affirmative defense. At the trial
before the court, without a jury, judgment for the
amount of the note and interest was given to plain-
tiff, and defendants appeal.

The only ground argued for reversal is, that the
complaint did not aver, and the evidence did not
show that, before bringing the action, the note was
presented for payment at the bank in Denver, where
it was specifically made payable.

In the courts of England and Canada it seems
that, where a note is specifically made payable at a
certain place, there must be allegation and proof
that, before the bringing of the action, presentment
for payment was made and refused at that place.
The leading case is *Rowe v. Young*, 2 Brod. & B. 180.
The only authorities from the courts of this country
cited by appellants in support of that doctrine are
*Mellon v. Croghan*, 3 Mart. N. S. 423 (S. C. 15, Am.
Dec. 163), decided in 1825; and *Allain v. Lazarus*,
14 La. 327 (33 Am. Dec. 583), decided in 1840.

Counsel for appellant, however, failed to call to
our attention the later case in the same court, de-
cided in 1850, *Squier v. Stockton*, 5 La. Ann. 120
(52 Am. Dec. 583), in which these two earlier
cases were overruled. The overwhelming weight of
authority in this country is, that, in an action against
the maker of a note, payable at a particular time and
place, a demand need not be averred or proved. If,
however, the maker was ready, and offered, at the
time and place to pay it, this is a matter of defense
to be pleaded and proved by him.

The proposition is thoroughly considered in
*Wallace v. McConnell*, 13 Pet. 91. Other authorities
are collected in 7 Cyclopædia of Law and Pro., 963
*et seq.*

Before this note was given and the action begun, our court of appeals, in *Westcott v. Patton,* 10 Colo. App. 544, announced the same doctrine with its approval.    Our general assembly, in 1897 (Sess. Laws 1897, 225), has expressly said that: "Presentment for payment is not necessary in order to charge the person primarily liable on the instrument; but, if the instrument is, by its terms, payable at a special place, and he is able and willing to pay it there at maturity, such ability and willingness are equivalent to a tender of payment upon his part."

In this jurisdiction, payment is an affirmative defense, and must be specially pleaded.—*Perot v. Cooper,* 17 Colo. 80; *Esbensen v. Hover,* 3 Colo. App. 467; *Thomas v. Carey,* 26 Colo. 485, 495.

Such being the state of the law generally in the United States, and particularly in Colorado, both by judicial decision and legislative enactment, it would seem that the objection raised upon this appeal is entirely without merit, that the appeal is frivolous, and taken solely for delay.    We can reach no other conclusion than that appellants have abused their right, or privilege, of appeal, have needlessly consumed the time of this court with a question previously settled in this jurisdiction, and vexatiously delayed and harassed appellee in the collection of a conceded debt, for which an appellate court, in administering justice, should impose the penalty.    *Rohrig v. Pearson,* 15 Colo. 127, is authority for the power of an appellate court to impose a penalty for frivolous delays.

The judgment will be affirmed, and a penalty of ten per cent. of the amount of the judgment imposed, because of the frivolous appeal.        *Affirmed.*

Chief Justice Gabbert and Mr. Justice Steele concur.