No. 22132.
No. 22133.
No. 22134.

FRANK GOLDY, AS FORMER COMMISSIONER OF BANKING OF COLORADO, HARRY BLOOM, COMMISSIONER OF BANKING OF COLORADO, AND BANK COMMISSIONER, STATE OF COLORADO v. HERBERT CRANE, ISRAEL TOLTZ, MILTON TOLTZ, SIDNEY BROOKS, LEON BROOKS, AND MORRIS E. KRAMISH.
(445 P.2d 212)

Decided September 23, 1968.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, A. Frank Vick, Jr., Assistant, for plaintiffs in error.

Isaacson, Rosenbaum, Goldberg & Miller, for defendants in error.

*En Banc.*

Mr. Justice Hodges delivered the opinion of the Court.

DEFENDANTS in error filed three applications for charters to be granted to proposed industrial banks as follows: the North Continental Industrial Bank, to be located at Westminster, Colorado (Case No. 22132); the East Continental Industrial Bank, to be located at Aurora, Colorado (Case No. 22133); and, the South Continental Industrial Bank, to be located at Englewood, Colorado (Case No. 22134). The parties in each case and the issue of each case are identical. Therefore, the writs of error were consolidated in this court.

The Colorado State Bank Commissioner denied all three applications. Defendants in error then brought separate actions seeking to have the Commissioner's orders of denial reversed. The three actions were consolidated in the trial court which entered one judgment vacating the orders of the Commissioner and directing him to grant the three charters.

From this judgment, the Bank Commissioner prosecutes this writ of error and contends that his refusal to grant the three applications for industrial bank charters was proper because the granting of these charters would have been in violation of C.R.S. 1963, 14-17-5(2) which prohibits branch industrial banking in the State of Colorado.

The Bank Commissioner conducted consecutive hearings on the three applications. No persons appeared in opposition to any of the applications. After the conclusion of the hearings, the Bank Commissioner made findings of fact and conclusions of law substantially as follows:

1. Except for a resident office manager of each bank, there would be common officers and directors of the three proposed banks;

2. These officers and directors are also officers and directors of the Continental Finance Corporation of America, a holding company;

3. This holding company presently owns all of the voting stock of two industrial banks in Colorado and

would own all the voting stock of the three proposed banks;

4. The manager of each proposed bank would have limited loan authority; and

5. The ultimate conclusion of law was that these factors would constitute branch banking and would, therefore, be violative of the statutory prohibition against branch industrial banking.

■ The sole issue before us on this writ of error is whether the Bank Commissioner's denial of the applications is supportable as a matter of law. We hold that the findings of the Bank Commissioner do not formulate a premise upon which to predicate a denial of the applications, and that the trial court properly reversed the orders of the Bank Commissioner and directed the Bank Commissioner to grant the three applications for industrial bank charters.

The applicable statute, C.R.S. 1963, 14-17-5(2), in pertinent part is as follows:

"Every industrial bank, when chartered, shall be conducted at a single place of business and no branches thereof shall be maintained elsewhere . . ."

■ The Commissioner argues that chain banking or the operations of several industrial banks owned by a holding company is within the interdiction of branch banking. We do not agree. Where a statute is explicit and free from ambiguity, there is no room for interpretation or construction beyond giving effect to the common and accepted meaning of the words employed in the act. *Montrose v. Niles,* 124 Colo. 535, 542, 238 P.2d 875. The instant statute explicitly forbids *branch* banking. We are therefore confined to deciding whether the proposed industrial banks would constitute *branch* industrial banking in the ordinary connotation of that term.

■ The operative facts which refute the contention that the proposed industrial banks would be branch banks are these: each bank is a separate corporation,

organized as an independent corporate entity under the laws of the State of Colorado; each bank has its own independent capital structure; and, each bank would have a separate and independent loan base. These facts are indicative of an independent banking operation. *Camden Trust Co. v. Gidney*, 301 F.2d 521; *In re Application of Kenilworth State Bank,* 49 N.J. 330, 230 A.2d 377.

 A substantive test for determining whether a bank is a "branch" is well-formulated in *First National Bank in Billings v. First Bank Stock Corp.,* 306 F.2d 937, wherein it is held that it is not enough to show common control through common stock ownership and management participation, but it must be shown that the alleged branch is doing business with the alleged parent in the same way as if the institutions were one; and, it must be shown that "the unitary type of operation," which is the hallmark of a branch bank, is present. This test was recently cited with approval by this court in *Peoples Bank v. Banking Board,* 164 Colo. 564, 436 P.2d 681. Applying this substantive test to the facts of the instant case as we have outlined them above, we deem it obvious that the proposed industrial banks would not be branches. Rather, they are independent legal and financial entities in every essential respect.

 It is not our judicial function to search for an unexpressed legislative intent nor to determine what the banking policies of the State of Colorado should be; that is for the legislature. *Jones v. People,* 155 Colo. 148, 393 P.2d 366; *Flank Co. v. Tennessee Co.,* 141 Colo. 554, 349 P.2d 1005. Our holding in this case is based solely on the proposition that the proposed industrial banks would not be *branch* banks; and, branch banking is the only kind of multiple banking operation which our legislature has prohibited.

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE not participating.