**Marylyn Dolan JOSEPH,
Plaintiff-Appellee,**

v.

**George JOSEPH, Jr., a/k/a George Joseph, Individually, State of Colorado and all unknown persons who claim any interest in the subject matter of this action, Defendants,**

**and**

**The Estate of George Joseph, Sr., a/k/a George Joseph, by and through its personal representative, George Joseph, Jr., a/k/a George Joseph, Defendant-Appellant.**

No. 79CA0553.

Colorado Court of Appeals, Div. II.

Jan. 4, 1980.

Rehearing Denied Jan. 31, 1980.

Certiorari Denied April 7, 1980.

Holme, Roberts & Owen, Edmond F. Noel, Jr., Alexander F. Rolle, Denver, for plaintiff-appellee.

Calkins, Kramer, Grimshaw & Harring, Bruce E. Deacon, Denver, for defendant-appellant.

PIERCE, Judge.

Defendant Estate of George Joseph, Sr., appeals a summary judgment for plaintiff

quieting plaintiff's title to certain real estate. We affirm.

As a result of a 1963 divorce proceeding between plaintiff and defendant George Joseph, Jr., in the Arapahoe County District Court, the clerk of the court executed a quitclaim deed conveying title to the real estate in question from George Joseph, Jr., individually, to plaintiff and George Joseph, Jr., in joint tenancy. This deed was properly recorded in Denver on December 26, 1963. A 1977 marriage dissolution proceeding between the same parties resulted in the clerk of the court executing a quitclaim deed to convey the interest of George Joseph, Jr., in the real estate to plaintiff. This deed was recorded on July 25, 1977.

When plaintiff attempted to sell the real estate, the estate of George Joseph, Sr., asserted a claim against the title to the property, contending that neither quitclaim deed conveyed any interest in the subject property to plaintiff because George Joseph, Jr., had never acquired any interest in the property which could be conveyed. The estate maintains that the property was always owned by George Joseph, Sr. The trial court granted plaintiff's motion for summary judgment quieting plaintiff's title to the real estate.

On appeal, the estate contends that the trial court improperly applied § 38–41–111, C.R.S.1973, and that material factual issues remain in dispute as to the actual owner of the property prior to the 1963 quitclaim deed.

Section 38–41–111, C.R.S.1973, precludes an action to challenge the title to real property when that title is derived from a final order of a court of record, the document giving title has been recorded for at least seven years, and the person holding the title is in possession of the property. That statute specifies that:

"All defects, irregularities, want of service, defective service, lack of jurisdiction, or other grounds of invalidity, nullity, or causes or reasons whereby or wherefore any such document might be set aside or rendered inoperative must be raised in a suit commenced within said seven-year period and not thereafter."

Section 38–41–111(1), C.R.S.1973.

We find no merit in the estate's contention that § 38–41–111, C.R.S.1973, does not protect plaintiff's title because the court had no jurisdiction over George Joseph, Sr., or his property in the marriage dissolution proceedings. The statute specifically states that any question relating to lack of jurisdiction must be raised within seven years after the date of recordation, here, December 26, 1963. Where, as here, a statute is explicit and free from ambiguity, the duty of the court is to give effect to the common and accepted meaning of the words employed. *Goldy v. Crane*, 167 Colo. 44, 445 P.2d 212 (1968).

Because of the applicability of this statute in this case, the identity of the owner of the property prior to 1963 is not a material fact, and the trial court did not err in granting summary judgment.

Judgment affirmed.

COYTE and RULAND, JJ., concur.