Thomas D. NEWBURN, Plaintiff–Appellee,

v.

RFB PETROLEUM, INC., and Robert F. Brown, Defendants–Appellants.

No. 88CA0178.

Colorado Court of Appeals, Div. I.

May 18, 1989.

Welborn, Dufford, Brown & Tooley, P.C., Douglas P. Ruegsegger, Denver, for plaintiff-appellee.

Waldbaum, Corn, Koff & Berger, P.C., Samuel J. Stoorman, Maureen D. Dobel, Denver, for defendants-appellants.

HUME, Judge.

RFB Petroleum, Inc., and Robert F. Brown, judgment debtors, appeal a district court order denying their claim that certain funds garnisheed by plaintiff, Thomas Newburn, are exempt from garnishment. They assert the funds are exempt under § 13–54–102(1)(q), C.R.S. (1986 Repl.Vol. 6),

as being traceable to an award under a crime victim's reparation law. We affirm.

The funds at issue were derived from a federal court order entered in a criminal prosecution in which the defendant in that proceeding pled guilty to a number of crimes arising out of a fraudulent scheme to sell tax shelters. The federal court entered a judgment of conviction and, pursuant to 18 U.S.C. § 3651 (1986), ordered the defendant, as a condition of probation, to "make full restitution to defrauded investors...." The court further ordered that all such funds which were paid pursuant to its order were to be administered by a receiver for the benefit of the defrauded investors. The judgment debtors were among the defrauded investors, and thus, they were entitled to a pro-rata share of the restitution paid into the court.

In order to collect on a separate civil judgment, plaintiff served writs of garnishment on the court-appointed receiver seeking to attach the judgment debtors' share of the restitution fund. The judgment debtors filed a claim of exemption, asserting that the funds are exempt from garnishment under § 13–54–102(1)(q), and urging that the exemptions provided in § 13–54–102 are available to corporate debtors as well as individuals. The trial court disagreed and denied the claim of exemption.

The determinative issue on appeal is whether an order of restitution pursuant to 18 U.S.C. § 3651 is an "award under a crime victim's reparation law" within the meaning of § 13–54–102(1)(q), C.R.S. (1986 Repl.Vol. 6). We hold that the General Assembly intended the exemption to cover only an award under a statute like the Uniform Crime Victims Reparation Act, 11 Uniform Laws Annot. 35 (1974), and that since 18 U.S.C. § 3651 is not a similar statute, the district court properly denied the judgment debtors' claim of exemption.

A substantial number of states have either adopted the Uniform Crime Victims Reparation Act or have enacted similar statutes. See 24–4.1–101, et seq., C.R.S. (1988 Repl.Vol. 10A) (Colorado Crime Victims Compensation Act). These statutes, while varying in many respects, all establish state-financed programs to compensate victims of crime. See Annot., *Statutes Providing for Governmental Compensation for Victims of Crime*, 20 A.L.R. 4th 63 (1983).

Under these statutes an agency or board is typically created to administer a state-financed fund. See § 24–4.1–117, C.R.S. (1988 Repl.Vol. 10A) (fund partially financed by costs levied on defendants convicted of certain crimes); *see also* 42 U.S.C. § 10601, et seq. (1986) (providing federal grants to state victim compensation programs). In order to receive compensation from such a fund, an eligible claimant, as defined under the statute, must generally prove that a "compensable crime" occurred that resulted in personal injury or death to a victim; however, neither a criminal prosecution nor conviction of the perpetrator of the criminal act underlying the claim is necessary for the grant of an award under these statutes.

While a claimant may be entitled to an award under these statutes, the award may not compensate for the actual loss caused by the crime. Uniformly, the statutes limit the dollar amount of an award. See § 24–4.1–109(1.5)(b), C.R.S. (1988 Repl.Vol. 10A) (limits residential property damages to two hundred and fifty dollars); § 24–4.1–109(2)(b), C.R.S. (1988 Repl.Vol. 10A) (limits aggregate damages to ten thousand dollars). Further, such statutes typically exclude certain losses. Thus, property damage, as well as pain and suffering may be excluded as compensable losses. See § 24–4.1–109, C.R.S. (1988 Repl.Vol. 10A).

Unlike a victim's reparation law, 18 U.S.C. § 3651 does not create a state-financed program of compensation to crime victims or other eligible persons. Rather, it gives a federal court authority to order a defendant, as a condition of probation, to pay restitution to the victim of his criminal conduct. And, unlike an award under a victim's reparation law, such an order of restitution is not a grant of governmental funds to compensate a claimant for losses caused by crime. Rather, it is a remedial

and punitive measure imposed against a convicted criminal in favor of the victim directly affected by the criminal activity.

These distinctions lead us to conclude that the funds at issue here are not within the scope of the garnishment exemption contained in § 13–54–102(1)(q). Accordingly, we agree with the ruling of the trial court.

In view of our conclusion that the funds are not exempt as property traceable to an award under a victim's reparation law, we deem it unnecessary to determine whether a corporate debtor is entitled to such an exemption.

We reject the judgment debtors' contentions that plaintiff's judgment was not entered against the corporation or that any judgment entered against the corporation was void because of the corporation's alleged insolvency. Our review of the record satisfies us that neither of these arguments is supported by the law or by the evidence presented to the trial court.

The order is affirmed.

PIERCE and TURSI, JJ., concur.