**The PEOPLE of the State of Colorado, In the Interest of S.M.S., a Child,**

**Upon the Petition of the Garfield County Department of Social Services, Petitioner–Appellant,**

**and**

**Concerning L.S., Respondent–Appellee.**

No. 95CA0148.

Colorado Court of Appeals, Div. II.

Oct. 26, 1995.

Thomas D. Silverman, Guardian Ad Litem.

John W. Savage, P.C., John W. Savage, Rifle, for Petitioner–Appellant.

Catherine L. Alonzi, Denver, for Respondent–Appellee.

Opinion by Judge HUME.

The sole issue presented in this appeal is whether social security benefits paid for a child as a result of the death of a biological parent should be offset against the adoptive parent's child support obligation. We conclude that further proceedings are necessary and, therefore, reverse and remand.

L.S. is the adoptive mother of S.M.W. (child). In a dependency and neglect action, legal custody of the child was granted to the Garfield County Department of Social Services (Department) and the child was placed in long-term foster care. In a separate action, the child support obligation of L.S. was calculated under the child support guidelines, § 14–10–115, C.R.S. (1987 Repl.Vol. 6B), and she was ordered to pay $272 per month child support beginning June 1994. The limited record on appeal does not show that the two cases were consolidated.

Several months later, the trial court in the dependency and neglect case considered the request of L.S. to determine whether she should owe any ongoing child support to the Department since certain social security death benefits that were being paid to the Department for the child exceeded the cost of foster care. The trial court found that the court in the separate action had not considered the social security benefit received by the Department on behalf of the child. Therefore, it concluded that under § 19–1–115(4)(d), C.R.S. (1995 Cum.Supp.) L.S. owed no further child support, but also determined that the Department was not precluded from collecting any arrearages that had accrued up to the date of its order.

■ When custody of a child is granted to a county department of social services, § 19–1–115(4)(d) imposes on a parent an obligation to contribute to the costs of the child's residential placement commensurate with his or her ability. *In re M.S. v. People,* 812 P.2d 632 (Colo.1991).

Foster care fees are considered child support obligations, and under both statute and rules adopted by the State Department of Social Services (now Department of Human Services), the amount of the fee for which the parents are obligated is based upon application of the child support guidelines. Section 26–5–102, C.R.S. (1995 Cum.Supp.); Department of Social Services Rule 7.609, 12 Code Colo.Reg. 2509–7 at 27 (1994).

Similarly, child support determined under various provisions of the Children's Code is calculated, in part, after applying the child support guidelines. *See* §§ 19–6–104(1) & 19–4–116(6), C.R.S. (1995 Cum.Supp.); *In Interest of D.R.V.,* 885 P.2d 351 (Colo.App. 1994).

■ Section 14–10–115(16.5), C.R.S. (1995 Cum.Supp.) was enacted in 1992 and provides that:

In cases *where the custodial parent receives periodic disability benefits* granted by the federal 'Old-age, Survivors, and Disability Insurance Act' on behalf of dependent children *due to the disability of the noncustodial parent* or receives employer-paid retirement benefits from the federal government on behalf of dependent children due to the retirement of the noncustodial parent, *the noncustodial parent's share of the total child support obligation* as determined pursuant to subsection (14) of this section *shall be reduced in an amount equal to the amount of such benefits.* (emphasis added)

The Department argues that, under § 14–10–115(16.5), social security benefits are set off only against the child support obligation of a parent from whom the benefits are derived. Therefore, it asserts that since the benefits at issue here resulted solely from the death of the child's biological mother, L.S., as the adoptive mother, remains obligated to pay the $272 per month support previously established under the guidelines. We conclude that § 14–10–115(16.5) is not controlling upon the issue presented here.

Initially, we assume, without deciding, that § 14–10–115(16.5) may be applicable even though it expressly addresses only offsets for disability or retirement benefits, and not social security death benefits. *See Barnett v. American Family Mutual Insurance Co.,* 843 P.2d 1302 (Colo.1993) (social security disability insurance, pension, and insurance benefits represent money earned and contributed through the efforts of a working individual and substitute as income to the disabled worker or his family). However, that section concerns only those benefits payable on behalf of the parent whose support obligation is being established.

Social security death benefits, like social security disability benefits, are considered as payments in the nature of support. *See Barnett v. American Family Mutual Insurance Co., supra; In re Marriage of Meek,* 669 P.2d 628 (Colo.App.1983) (case predating child support guidelines).

Here, the child is receiving social security death benefits derived from contributions made by her biological mother, and the support obligation of L.S., the adoptive mother, rather than the biological mother, is at issue.

■ Section 14–10–115(13), C.R.S. (1995 Cum.Supp.) reposes discretion with the trial court to determine whether an adjustment to the presumed amount of child support calculated under the guidelines is appropriate because of a child's financial resources. The dispositive question is whether the basic needs of the child are actually reduced by the additional benefits received by the child. *In re Marriage of Thornton,* 802 P.2d 1194 (Colo.App.1990) (considering effect of need-based supplemental security income payments received by the child prior to the adoption of § 14–10–115(16.5)). Furthermore, the trial court is required to enter specific findings when it determines that deviation from the presumed amount of support is appropriate. *See In re Marriage of Miller,* 790 P.2d 890 (Colo.App.1990).

Also, under § 14–10–115(10)(a)(II), C.R.S. (1995 Cum.Supp.), the court:

> may use [its] judicial discretion in determining child support in circumstances where a parent is living below a minimum

subsistence level; except that a minimum child support payment of twenty to fifty dollars per month, based on resources and living expenses of the obligor, shall be required even in such instances.

■ Here, it does not appear that the trial court considered the guidelines when it determined that L.S. should be relieved of any and all obligation for child support. In addition, the limited record on appeal shows that the trial court neither considered nor was presented with any evidence concerning the child's actual basic needs or the extent to which such needs were met by the foster care provided by the Department. Nor was any evidence presented concerning the ability of L.S. to pay the presumed amount of support.

Accordingly, the order is reversed, and the cause is remanded for application of the guidelines and the entry of more specific findings to support the court's determination of the obligation of L.S. for child support.

PLANK and MARQUEZ, JJ., concur.