5 P.3d 382 (2000)
The PEOPLE of the State of Colorado, Petitioner-Appellee,
In the Interest of N.D.S., a child and Concerning L.S. and E.S., Respondents-Appellants.
No. 99CA1459.
Colorado Court of Appeals, Div. IV.
June 8, 2000.
*383 Harden, Hass, Haag & Hallberg, P.C., George Hass, Sean C. McGill, Fort Collins, Colorado, for Petitioner-Appellee.
Thomas R. French, P.C., Thomas R. French, Fort Collins, Colorado, for Respondents-Appellants.
Opinion by Judge DAILEY.
L.S. and E.S., the parents of N.D.S., a child adjudicated delinquent, appeal from a district court order affirming a magistrate's order that required them to pay foster care fees. We affirm.
During a hearing on February 20, 1998, the child pled guilty to misdemeanor menacing and felony criminal mischief and was adjudicated delinquent. The victims of the child's acts were his parents. Pursuant to a plea agreement, the child was placed on probation for two years. The conditions of probation required the child to undergo mental health and substance abuse evaluations, attend school without problems, complete twenty-fours hours of community service, and pay court costs. In addition, the child was committed to the custody of the Department of Human Services (the Department) for placement.
On February 24, 1998, the magistrate entered a written order vesting temporary custody of the child with the Department. The order further provided that the parents "shall be obligated pursuant to [§ 19-1-115(4)(d), C.R.S.1999] to pay a fee, based upon the parents' ability to pay, to cover the costs of . . . residential care of the [j]uvenile." A copy of the order was not mailed to the parents.
Thereafter, the parents were served with an administrative notice of financial responsibility pursuant to § 26-13.5-103, C.R.S.1999. After they failed to agree to the cost of residential care during a negotiation conference, a request for hearing was filed in the district court, and notice of the hearing was served on the parents' attorney. See § 26-13.5-105, C.R.S.1999. Following the hearing, the magistrate ordered mother to pay $2,023.82 and father to pay $5,760.12 for reimbursement of foster care fees, together with interest at the statutory rate. The district court affirmed the magistrate's order on review.

I.
The parents contend that their right to due process was violated because the magistrate's order of February 24, 1998, was entered without notice or an opportunity to be heard on the issue of foster care fees. They argue that they were not given a fundamentally fair proceeding because they did not have an opportunity to object to the child's placement, to challenge the reasonableness of the cost of placement, or to object to the calculation of foster care fees. We disagree.
When a child is adjudicated delinquent, the court has the exclusive jurisdiction to determine the placement of the child. People in Interest of M.A.G., 732 P.2d 649 (Colo.App.1986). If the court commits the child to the custody of the Department pursuant to § 19-2-909, C.R.S.1999, the exclusive power to place the child lies with the Department. Sections 19-2-909(2) and 19-2-923, C.R.S.1999. See Leidig v. Delaney, 189 Colo. 186, 539 P.2d 1264 (1975). Therefore, here, the parents were not entitled to object to the Department's choice of placement.
Section 19-1-115(4)(d), C.R.S.1999, imposes an obligation on parents to contribute to the cost of their child's residential *384 placement. People in Interest of S.M.S., 907 P.2d 739 (Colo.App.1995); People in Interest of M.A.G., supra. Section 26-5-102, C.R.S. 1999, complements this statute by imposing a parental support obligation. M.S. v. People, 812 P.2d 632 (Colo.1991). Under these statutes, the parents' obligation is computed in accordance with their ability to pay. M.S. v. People, supra.
The General Assembly has established an administrative procedure for the assessment and enforcement of parental support obligations. Sections 26-13.5-101, et seq., C.R.S. 1999. Such a proceeding is initiated by the issuance of a notice of financial responsibility by the delegate child support enforcement unit, a unit of the county department of social services or its contractual agent responsible for establishment and enforcement of child support obligation. Sections 26-13.5-103 and 26-13.5-101(7), C.R.S.1999. See § 26-13.5-102(9), C.R.S.1999. If, after a negotiation conference conducted pursuant to § 26-13.5-105, C.R.S.1999, the parties do not agree as to the amount of monthly support, the delegate child support enforcement unit must issue a temporary support order, file a copy of the notice of financial responsibility in the district court of the county in which it was issued, and request the district court to set the matter for hearing. Section 26-13.5-105(3)(c), C.R.S.1999.
Section 19-1-115(4)(d), C.R.S.1999, is mandatory, see M.S. v. People, supra, and does not require that parents be advised of their statutory obligation to pay the cost of residential care of their child. Notice of this obligation is provided pursuant to the administrative procedure for assessment and enforcement of child support. See § 26-13.5-103, C.R.S.1999.
Here, the parents were provided with notice and an opportunity to be heard as to the cost of the child's residential care pursuant to §§ 26-13.5-103 and 26-13.5-105. And, after a contested hearing, they were ordered to pay a portion of the cost of the child's residential care. Thus, we perceive no violation of the parents' right to due process.

II.
The parents also contend that their right to due process was violated because the Department failed to comply with § 19-1-107(3), C.R.S.1999, which requires a social study that includes the cost of recommended placement, and with its own rules concerning foster care fees. However, these issues were not raised in the proceedings before the magistrate and the district court, and are not properly before us on review. See City and County of Denver v. Desert Truck Sales, Inc., 837 P.2d 759 (Colo.1992); Catholic Charities in Interest of C.C.G., 942 P.2d 1380 (Colo.App.1997).

III.
Finally, the parents contend that the trial court erred in assessing foster care fees against them because they were the victims of their child's acts. They argue that the assessment of the fees violates the policy of the Colorado Crime Victim Compensation Act, § 24-4.1-101, et seq., C.R.S.1999(Act). We reject this contention.
The express purpose of the Act is to protect and assist victims of crime in order to preserve the victim's individual dignity and to encourage greater public cooperation in the apprehension and prosecution of criminals. Section 24-4.1-101, C.R.S.1999. Towards that end, the Act lessens a victim's financial burden caused by the commission of a crime by providing compensation for certain types of losses. Sections 24-4.1-101, 24-4.1-108, and 24-4.1-109, C.R.S.1999.
However, parents have a duty to provide reasonable support for their children. Matter of C.G.G., 946 P.2d 603 (Colo.App. 1997). Accordingly, the Colorado Children's Code, §§ 19-1-101, et seq., C.R.S.1999 (Code) imposes a mandatory obligation on parents to contribute to the cost of their child's residential placement. Section 19-1-115(4), C.R.S. 1999; M.S. v. People, supra; People in Interest of M.A.G., supra.
Here, the child's parents were the victims of his criminal acts. However, neither the Act nor the Code implicitly or explicitly obviates the parents' duty of support if they are the victims of their child's criminal acts. *385 Nor are the Act and the Code irreconcilable. See People v. Hampton, 876 P.2d 1236, 1240 (Colo.1994)("If a statute potentially conflicts with another statute, a court must attempt to harmonize them to effectuate their purposes.").
As victims under the Act, the parents may be entitled to compensation from the crime victim compensation fund for losses due to injury or property damage. Section 24-4.1-109, C.R.S.1999. See generally Newburn v. RFB Petroleum, Inc., 775 P.2d 93 (Colo.App. 1989). And, they could have sought an order obliging the child to pay restitution for "actual pecuniary damages" resulting from the child's delinquent acts. Section 19-2-918, C.R.S 1999. Cf. § 24-4.1-302.5(1)(h), C.R.S. 1999 (restitution for victims of crime). Nonetheless, they have a statutory obligation to contribute to the cost of their child's residential placement under the Code. See M.S. v People, supra; People in Interest of M.A.G., supra.
For these reasons, we conclude that the trial court did not err in assessing foster care fees against the parents. See People in Interest of M.A.G., supra.
Finally, because restitution was neither requested nor ordered, we decline to address the parents' contention that the purposes of §§ 16-11-501(3) and 19-2-114(1), C.R.S.1999, are violated by the assessment of costs for residential care of the child.
The judgment is affirmed.
Judge MARQUEZ and Judge ROTHENBERG concur.