No. 12,575.

AHEARN, ADMINISTRATRIX *v.* GOBLE.
(7 P. [2d] 409)

Decided January 18, 1932.

Mr. HARRY C. RIDDLE, for plaintiff in error.

Mr. FRANK L. Ross, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as the administratrix, David Christopher Ahearn as the deceased, and defendant in error as Goble.

Deceased was an officer and director of a mining corporation which failed to file its annual report. As a result a judgment for about $1,200 was entered against him in the district court of San Juan county in 1919. That judgment was assigned to Goble, who, in December, 1926, filed his claim against deceased's estate, then in course of administration in the Denver county court. A de-

murrer thereto was sustained, the claim disallowed, and the cause appealed to the district court. There the matter was heard in April, 1929. The demurrer was overruled and the claim, now about $1,900, was allowed. To review the judgment entered accordingly this writ is prosecuted.

This record raises a single question, i. e., the admissibility, on the hearing in the Denver district court, of the judgment roll of the district court of San Juan county. It was objected to upon the ground that the judgment, being based upon a penal statute, did not survive the debtor.

The statute in question is section 2312, p. 761, C. L. 1921. It provides that every corporation shall, within sixty days after January 1, of each year, file with the secretary of state a report setting forth certain specific facts relating to its organization and business, in default of which "all the officers and directors of said corporation shall be jointly and severally and individually liable for all debts of such corporation, * * * that shall be contracted during the year next preceding the time when such report should by this section have been made and filed, and until such report shall be made and filed."

It is said that Goble acquired no vested right in "an unenforced penalty," that the cause of action (in the district court of San Juan county) was ex delicto, and that tort actions do not survive the death of the wrongdoer; and numerous authorities are cited in support of these propositions. These need not here be examined since they are beside the question. The basis of this action is neither an "unenforced penalty," nor "ex delicto," nor "tort." The basis of this action is a judgment. Plaintiff in error relies upon *Overland Cotton Mill Co. v. People,* 32 Colo. 263, 265, 75 Pac. 924, but that was a criminal case under a statute declaring one guilty of a misdemeanor who employed a child under fourteen years of age in a mill. We held it abated as to one of the defendants, who had died, on the express ground that "a judgment cannot be enforced when the only subject-mat-

ter upon which it can operate has ceased to exist." It further appears, however, from the opinion, that had this particular individual been living the cause would have been dismissed as to him, because it is said: "He had nothing to do with the hiring of employees. He had no knowledge that the boy was in the employ of the company. He certainly did all as an individual, or as an official of the company, to prevent the law from being violated which could be required of him, and had his wishes and desires been carried out, the law would have been strictly observed." Id. 270.

■ The action in the present case was for a debt, and the statute is penal in its nature only in that it makes an officer liable because of failure to perform his official duty. It is in no sense criminal and its violation does not affect the sovereign.

■ "As a general rule the recovery of a judgment creates a new debt or liability, distinct from the original claim or demand, and this new liability is not merely the evidence of the creditor's claim, but is thereafter the substance of the claim itself." 34 C. J. 755.

■ "Numerous decisions support the doctrine that the death of a party after judgment does not abate the action or open or vacate the judgment; but such judgment survives in favor of or against the representatives of the deceased. And this doctrine has been held to apply even in cases of a recovery on a cause of action which does not survive the death of a party, as the cause of action is merged in the judgment." 1 C. J. 169. "The authorities are practically unanimous upon the proposition that although the cause of action is such that it would abate by the death of the plaintiff before judgment, the death of the plaintiff after judgment, and pending disposition of a writ of error or appeal in the nature of a writ of error, will not affect the judgment * * *. After the giving of the judgment, the controversy is over the judgment, and not over the original

wrong.'' *Fowden v. Pacific Coast S. S. Co.,* 149 Cal. 151, 86 Pac. 178.

■ ''A cause of action ceases to exist on being merged in a judgment or decree, and so long as the judgment or decree remains in force the doctrine of abatement is without application.'' *F. A. Mfg. Co. v. Hayden & Clemons,* 273 Fed. 374, 378.

The judgment of the district court was correct and is affirmed.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.