343 So.2d 940 (1977)
NORIN MORTGAGE CORP., a Delaware Corporation, Authorized to Do Business in the State of Florida, Appellant,
v.
WASCO, INC., a Florida Corporation, Appellee.
No. 76-1080.
District Court of Appeal of Florida, Second District.
March 16, 1977.
As Modified March 24, 1977.
Rehearing Denied April 4, 1977.
*941 Howard A. Setlin, of Therrel, Blaisden, Stanton, Stillman, Brown & Wood, Miami Beach, for appellant.
Robin Gibson, of Gibson & Connor, Lake Wales, for appellee.
GRIMES, Judge.
This is an appeal and a cross-appeal from a judgment entered in a dispute between Norin Mortgage Corp. (Norin) and Wasco, Inc. (Wasco), the contractor.
Norin entered into a loan agreement with Blount Development Company whereby Norin agreed to loan Blount $2,120,000. Blount entered into a contract with Wasco in which Wasco agreed to build certain buildings contemplated by the construction loan agreement for $1,451,000. Wasco fully performed the construction required under its contract, but Blount failed to pay Wasco $147,903. Blount also defaulted in its obligations to Norin, which resulted in the foreclosure of Norin's mortgage with Norin bidding in at the sale.
Wasco sued Norin for the balance owed to it by Blount on the theory that Wasco had incurred certain additional obligations by signing an addendum to the loan agreement in exchange for a guarantee by Norin that it would set aside funds from the Blount loan to pay Wasco for the performance of its construction contract. Since the language of the pertinent documents and the relationship of the parties are peculiar to this case, we think it unnecessary to discuss the facts in further detail. Suffice it to say, we have concluded that there is sufficient evidence in this record to support the court's conclusion that privity existed between Wasco and Norin to the extent that Norin was obligated to pay the balance owed by Blount under the construction contract.
However, there are three minor aspects of the case in which we believe the court erred and to which we will briefly refer. First, the court held that Norin became obligated to pay Wasco on January 20, 1975, which was the date Wasco received a letter from the architect certifying substantial completion of Wasco's work. Consequently, interest upon the contract *942 balance was determined to run from that date. We think the earliest date upon which the interest could begin to run was March 11, 1975, which was the date Wasco submitted its final affidavit to Blount under Section 713.06(3)(d)1, Florida Statutes (1973).
In the second place, we believe the court improperly held Norin liable for $1,521.19 in damages consisting of interest on money owed by Wasco to its subcontractors together with the expense of attorneys' fees and court costs which Wasco must indemnify its bonding company for defending suits brought by the subcontractors for monies owed by Wasco in connection with the job. That portion of the award representing interest can easily be disposed of when it is realized that this item of damage is already included as part of the interest on the contract sum being recovered from Norin. The cost of defending the subcontractor's suits presents a closer question.
The general rule concerning recovery of expenses of litigation as consequential damages for breach of contract is stated in 5 Corbin on Contracts, § 1037 (1964), as follows:
"... If the plaintiff [Wasco] can show that the defendant's [Norin's] breach of contract has caused litigation involving the plaintiff [Wasco] in the payment of counsel fees, court costs, and the amount of a judgment, and shows further that such expenditure is reasonable in amount and could not have been avoided by him by reasonable and prudent effort, he can recover damages against the defendant [Norin] measured by the amount of these expenditures...."
Corbin goes on to explain that cases to which the rule of this section is most commonly applied are actions for breach of warranty where party A sells defective goods to party B with an express or implied warranty of kind or quality with reason to know that B will resell the goods to a new purchaser with a similar warranty. When B resells the goods to party C and C sues B, B is entitled to recover as an element of damage from A the cost of defending C's suit. We have been unable to find a case on point nor has any authority been cited to us for the proposition that because one is expecting to pay another out of money he is rightfully entitled to receive, he is then able to recover the cost of defending an action brought by his creditor from the person who should have paid him sooner. Perhaps one reason for the lack of such a precedent is explained by a caveat to the general rule which provides that in any event an expense of litigation cannot be recovered if the plaintiff (Wasco) had no defense in that litigation and knew it. Corbin, supra. Presumably, Wasco owed the money to the subcontractors and simply employed counsel to defend the actions in the hope that by the time judgments were obtained Wasco would have received its payment from Blount or Norin. Be that as it may, in the absence of precedent, we are reluctant to permit damages of this nature because we can foresee that our ruling might have the effect of promoting a multitude of commercial litigation in which one who is waiting to be paid could later claim that he is entitled to recover from his payor the cost of defending various suits of his creditors.
We also think the court erred in deducting from monies owed by Norin to Wasco the sum of $5,600 which was determined to represent the value of the one year guarantee to correct defects contained in the construction contract. The evidence upon which this figure was based came from an architect who testified as an expert witness that this was the reasonable value of the work which would customarily be required under a contract of this size. However, Wasco did do some corrective work after the issuance of the architect's certificate. Furthermore, this suit was tried more than a year after Wasco's work was completed, and there is no indication that Wasco was ever notified that any other corrective work was needed. Even if further corrective work had been required, the need for notifying Wasco has practical significance. Wasco explained that it had performed the bulk of the job through subcontractors *943 and that had Wasco been notified that further corrective work was needed, it would have been in a position to obtain the performance of the corrective work by the applicable subcontractor. Finally, since Blount first breached its contract by failing to pay Wasco the balance owed for its construction work, we doubt that Blount could have thereafter forced Wasco to perform any subsequent corrective work, and for purposes of this claim, Norin would stand in the shoes of Blount. See Carr v. Stockton, 84 Fla. 69, 92 So. 814 (1922).
Except as set forth above, the judgment is affirmed, but the case is remanded for the entry of an amended judgment which will reflect the changes required by this opinion.
McNULTY, A.C.J., and SCHEB, J., concur.