Willis BASSETT, Plaintiff-Appellee,

v.

EAGLE TELECOMMUNICATIONS, INC. OF COLORADO. a/k/a Eagle Telephone Company, a Colorado corporation, Defendant-Appellant.

No. 84CA0950.

Colorado Court of Appeals, Div. III.

Sept. 26, 1985.

Holley, Albertson & Polk, P.C., Dennis P. Polk, Golden, for plaintiff-appellee.

Spurgeon, Haney & Howbert, P.C., Gregory R. Piche', Colorado Springs, for defendant-appellant.

BERMAN, Judge.

Eagle Telecommunications, Inc. of Colorado (Eagle) appeals from a money judgment entered against it and in favor of Willis Bassett on Bassett's claim for breach of an employment contract. We affirm.

On January 10, 1977, Eagle executed a document entitled "Employment Agreement for Willis Bassett" which was written by Eagle's general manager. The letter provided in part that:

"In the event your services are terminated within the first five (5) years of your employment—for reasons other than committing an illegal act, or refusing to perform your duties within the realm of

your own capabilities—Eagle ... agrees to continue your salary for a six (6) month period from the date of your termination."

Bassett's employment was terminated in December of 1980, and Bassett brought this action seeking damages and alleging, *inter alia*, breach of a 5-year employment contract, asserting such was evidenced by the letter and other extrinsic communications. The court granted Eagle's motion for partial summary judgment concluding that "the obvious meaning of the words set forth in the letter do not constitute a five year employment contract and do not even give rise to an ambiguity in that regard." However, the trial court concluded that the letter did provide for six months' severance pay in the event of plaintiff's termination under certain conditions.

Following the close of evidence at trial, the court, over Eagle's objection, instructed the jury as follows concerning the severance pay issue:

"If you find that a contract exists, and one party had no voice in the selection of the language used, then any ambiguous or unclear terms must be construed strictly against the party who prepared the contract."

This instruction is identical to *CJI-Civ.2d* 30:13 (1980). The jury returned a verdict in Bassett's favor on that claim.

The sole issue on appeal is the propriety of this instruction. Eagle argues the court erred in giving the instruction since it had previously found the contract unambiguous in its order granting partial summary judgment. We disagree.

At trial, the parties were in agreement that Eagle sent the letter to Bassett, and the jury was so instructed. Thus, there was evidence to support the instruction, *see Houser v. Eckhardt*, 168 Colo. 226, 450 P.2d 664 (1969), and the instruction correctly states the law. *See Converse v. Zinke*, 635 P.2d 882 (Colo.1981).

The trial court correctly determined that, under the language of the letter, a finding of fact by the jury was necessary in order to decide whether Bassett was terminated for reasons other than "refusing to perform [his] duties within the realm of [his] own capabilities," and that this question be answered in the context of the principles of accepted contractual construction.

Judgment affirmed.

TURSI and METZGER, JJ., concur.