Willis BASSETT, Plaintiff–Appellant,

v.

EAGLE TELECOMMUNICATIONS, INC. OF COLORADO, a/k/a Eagle Telephone Company, a Colorado corporation, Defendant–Appellee.

No. 86CA1046.

Colorado Court of Appeals, Div. I.

Dec. 10, 1987.

Rehearing Denied Jan. 21, 1988.

Holley, Albertson & Polk, P.C., James H. Foster, Golden, for plaintiff-appellant.

Holland & Hart, Gregory R. Piché, Denver, for defendant-appellee.

CRISWELL, Judge.

Plaintiff, Willis Bassett, appeals from the district court judgment denying to him various items of interest on a judgment previously entered in his favor against the defendant, Eagle Telecommunications, Inc. We affirm in part and reverse in part.

Plaintiff's employment by defendant was terminated in 1980. He instituted suit against defendant, based upon allegations of a wrongful breach of an employment agreement, and after a jury trial, a general verdict was returned awarding plaintiff a total of $22,927.13 for several different items of damages. In addition, defendant had previously conceded that it owed plaintiff the additional sum of $5,043.70, as his share of a profit sharing plan, so that defendant's total damage liability was in the amount of $27,970.83. Subsequently, plaintiff was awarded an additional sum of $8,102.89, as attorney fees and costs under the provisions of § 8–4–114, C.R.S. (1986 Repl. Vol. 3B). Ultimately, therefore, a single judgment in the amount of $36,073.72 was entered in plaintiff's favor.

Upon defendant's appeal of that judgment, this court affirmed it in its entirety on September 26, 1985. *Bassett v. Eagle Telecommunications, Inc.*, 708 P.2d 812 (Colo.App.1985).

In the interim, defendant allegedly tendered various sums to plaintiff, apparently claiming that the several amounts tendered constituted full payment of certain items of the damages awarded. Because he was of the opinion that such sums did not include all of the amounts owed for such items, plaintiff refused such tenders under the conditions allegedly attached thereto. At no time did defendant take steps to satisfy any part of the judgment, nor did it take any action, prior to March 1986, to obtain a court decision as to the amounts actually owed by it under the judgment, either pursuant to C.R.C.P. 58(b) or otherwise.

In March 1986, defendant filed a motion for determination of the interest which it owed under the judgment. After hearing argument of counsel, the trial court ruled that (1) plaintiff was not entitled to receive pre-judgment interest under § 5–12–102(1), C.R.S. (1987 Cum.Supp.); (2) interest was due on the award of attorney fees and costs only from the date of their award and not from the date the jury returned its verdict; (3) the interest allowed under § 5–12–106, C.R.S. (1987 Cum.Supp.), on judgments that are appealed, was due only on the items of damages about which defendant complained in its appeal and not on the entire judgment; and (4) defendant's tender of various amounts to plaintiff caused interest to cease running as of the date of the various tenders. We agree with the court's second conclusion, but disagree with the remainder of its rulings.

## I. *Pre-Judgment Interest on Jury Award*

The trial court concluded that, since the jury specially found that defendant had a "good faith legal justification" for not paying certain items to plaintiff and, therefore, refused to award plaintiff the statutory penalty provided for by § 8–4–104(3), C.R.S. (1986 Repl.Vol. 3B), defendant could not be deemed to have "wrongfully withheld" those sums from plaintiff so as to authorize the awarding of pre-judgment interest under § 5–12–102(1), C.R.S. (1987 Cum. Supp.). We disagree.

In *Isbill Associates, Inc. v. Denver*, 666 P.2d 1117 (Colo.App.1983), we concluded that, under the latter statute, "all cases are to be treated equally regarding the time interest begins to accrue," and that interest is to accrue from the date of the wrong, not from the date of the judgment. This conclusion has recently been re-affirmed by us. *Colorado Performance Corp. v. Mariposa Associates*, (Colo.App. No. 84CA0596, Nov. 5, 1987).

Irrespective whether plaintiff is entitled to pre-judgment interest under § 5–12–102(1)(a) on the basis that the sums awarded by the jury were "wrongfully withheld" by defendant, such sums would,

in any case, be subject to pre-judgment interest at the rate of 8% per annum from the date they became due under the provisions of § 5–12–102(1)(b). Thus, plaintiff is entitled to pre-judgment interest under the latter statute on the sums awarded by the jury, and on the amount concededly due under the profit-sharing plan.

## II. Pre–Judgment Interest on Attorney Fees

■ The jury returned its verdict on November 5, 1982, but the court did not reduce plaintiff's claim for attorney fees to judgment until June 25, 1984. Pursuant to the provisions of C.R.C.P. 54(a) and 58(a), therefore, the amounts awarded by the jury remained subject to revision, and until the court finally entered judgment on plaintiff's request for attorney fees, *no* judgment for any amount can be considered to have been entered. *See Harding Glass Co. v. Jones,* 640 P.2d 1123 (Colo.1982); *Marietta v. Busto,* 691 P.2d 345 (Colo.App. 1984), *cert. denied,* 471 U.S. 1017, 105 S.Ct. 2024, 85 L.Ed.2d 305 (1985).

■ The attorney fees awarded here are authorized by § 8–4–114, C.R.S. (1986 Repl.Vol. 3B), and are awardable to the "winning party," both for services rendered at trial and for services rendered in connection with an appeal. *Cortez v. Brokaw,* 632 P.2d 635 (Colo.App.1981). However, the statute provides that these fees are "to be taxed as part of the costs of the action." In our view, they cannot be considered to be sums "wrongfully withheld" for purposes of § 5–12–102(1)(a), C.R.S. (1987 Cum.Supp.), and they did not become due under § 5–12–102(1)(b) until the date that the court awarded such fees. Thus, the trial court correctly ruled that interest on the amounts awarded by it for attorney fees and costs would not draw interest prior to June 25, 1984.

## III. Interest on the Appealed Judgment

Section 5–12–106(1)(a), C.R.S. (1987 Cum. Supp.) provides that:

"If *a judgment* for money in a civil case is appealed by a judgment debtor and *the judgment* is affirmed, interest [at a rate to be ascertained, on an annual basis, by the Colorado secretary of state] shall be payable from the date of entry of judgment in the trial court until satisfaction of the judgment and shall include compounding of interest annually." (emphasis supplied)

Defendant claims that this statute must not be applied literally, but that the enhanced interest rate provided for should be applied only against that portion of a judgment that an appeal seeks to overturn. We disagree.

■ While the jury considered several separate items of damages in arriving at its verdict, there was only a single judgment, in a single amount, entered. Once that judgment was entered, the character of defendant's antecedent liability changed; its liability under the judgment was a new one, distinct from its liability under the previous claims against it, which claims ceased to exist and were merged into the judgment. *See Ahearn v. Goble,* 90 Colo. 173, 7 P.2d 409 (1932). Thus, although the total amount of the judgment was based, in part, upon an amount that was concededly due to plaintiff and, in part, upon amounts that had been the subject of dispute between the parties, the entry of the solitary judgment erased any previous distinction between these amounts; no part of the single money judgment was different from any other part.

■ The statute is not ambiguous. It refers to "a judgment for money," and provides that, if the judgment is affirmed, interest is payable upon the judgment as affirmed. Section 5–12–106(1)(b), C.R.S. (1987 Cum.Supp.). The statute contains no language that permits a court to divide a single unsatisfied judgment into two or more parts for the purpose of computing interest.

In addition, there are at least two sound practical reasons why defendant's interpretation of the statute should not be adopted.

First, it is not always clear what effect a claim of error, which has been rejected by an appellate court, would have had upon

each item of damages underlying a judgment, had the claim been upheld. Thus, we shall not attempt to impose an obligation upon the trial courts of this state to determine, on a hypothetical basis, the precise portions of a money judgment that might have been affected by the successful urging of a less than an all-encompassing claim of error. Rather, we choose to apply the test adopted by the literal terms of the statute—interest shall be payable upon that portion of the judgment that is ultimately affirmed by the appellate court.

■ Second, if an appellant has no complaint with a part of a judgment for money damages, he remains free to satisfy that part by paying his money into the court registry and obtaining a partial satisfaction pursuant to C.R.C.P. 58(b). Thus, any appellant has means at his disposal to prevent the accrual of interest on that portion of a money judgment about which he does not claim error on appeal. Since defendant here elected not to satisfy any part of the judgment, it cannot now complain that it is to be charged interest on all parts of it.

## IV. *Interest on Amounts Tendered*

Defendant filed its motion in March 1986, averring that certain checks had been tendered to plaintiff and that at least one check had not been returned. Counsel for plaintiff, however, represented to the court that each check was tendered upon the condition that it be accepted in full satisfaction of a particular item of damages; that none of the amounts tendered included any pre-judgment interest; and that plaintiff had, therefore, refused all such checks. However, neither party supported any of these factual allegations with copies of any checks, correspondence, affidavits, or other evidence.

Nevertheless, the trial court ruled that interest ceased to run upon the amounts tendered from the respective dates of each tender. We disagree.

■ C.R.C.P. 58(b) authorizes the court to enter satisfaction, or partial satisfaction, of judgment on behalf of a judgment debtor, even if a judgment creditor refuses to acknowledge it. In conjunction therewith,

it may accept the amount tendered for transmission to the judgment creditor. *See Osborn Hardware Co. v. Colorado Corp.*, 32 Colo.App. 254, 510 P.2d 461 (1973). It is undisputed that defendant made no attempt to initiate that procedure prior to March 1986, a date almost two years after final judgment was entered.

■ If defendant's informal tenders to plaintiff were made upon the condition that they be accepted in full satisfaction of those portions of the judgment that they purported to represent, and if they did not include pre-judgment interest, such tenders were, as a matter of law, not proper, and plaintiff was under no obligation to accept them in that form. *See Butler v. Hinckley,* 17 Colo. 523, 30 P. 250 (1892). Moreover, by failing to make an unconditional payment into the registry, defendant continued to deprive plaintiff of the use of the funds.

A payment by defendant into the court registry would have provided to it a partial satisfaction of judgment for the amount tendered, as well as the cessation of the accrual of interest on that amount.

■ Since the record contains no evidence that any proper tender was made to plaintiff, and since defendant failed to utilize the procedures established by C.R.C.P. 58(b), defendant's tenders did not cause interest to cease running on the judgment. *See Westcott v. Patton,* 10 Colo.App. 544, 51 P. 1021 (1898).

That part of the judgment awarding interest on attorney fees and costs from the date such items were awarded is affirmed; in all other respects, the judgment is reversed, and the cause is remanded to the trial court for determination of the amount of pre-judgment interest to June 25, 1984, and post-judgment interest after that date, and for such further proceedings as may be consistent with the views contained herein.

PIERCE and METZGER, JJ., concur.