**DAVID C. OLSON, INC., d/b/a DCO Contractors, Inc., a Colorado corporation, Cross–Claim Plaintiff-Appellee and Cross–Appellant,**

**and**

**United States Fidelity & Guaranty Company; Howard Electrical & Mechanical, Inc.; and Johnson Controls, Inc., Cross–Claim Plaintiffs-Appellees,**

**v.**

**DENVER & RIO GRANDE WESTERN RAILROAD CO., Cross–Claim Defendant-Appellant and Cross–Appellee.**

Nos. 87CA1851, 88CA0331.

Colorado Court of Appeals, Div. IV.

Feb. 22, 1990.

Meer & Meer, Robert Meer, Charlane J. Plucheck and Steven M. Fowler, Denver, and Watt, Tieder, Killian & Hoffar, Julian F. Hoffar, William J. Ferguson, Jr. and Ellen F. Randel, McLean, Va., for cross-claim plaintiffs-appellees Howard Electrical & Mechanical, Inc.

Heron, Burchette, Ruckert & Rothwell, Murray Ogborn and Steven M. Flansburg, Denver, for cross-claim plaintiffs-appellees Johnson Controls, Inc.

Holme Roberts & Owen, Richard R. Young, Brent E. Rychener and Walter H. Sargent, Denver (Holme Roberts & Owen, Richard G. Wilkins, Salt Lake City, Utah, of counsel), for cross-claim defendant-appellant and cross-appellee Denver & Rio Grand Western R. Co.

Opinion by Judge CRISWELL.

Defendant, Denver & Rio Grande Western Railroad Co. (the railroad), appeals from that part of the trial court's judgment which awarded David C. Olson, Inc. (the prime contractor), a judgment against the railroad for a portion of the attorney fees incurred by Howard Electrical & Mechanical, Inc., (the sub-contractor) in prosecuting a claim against the prime contractor. The railroad asserts that there is no legal basis for the award of any such fees. The prime contractor cross-appeals, claiming that the trial court erred in its allocation of the sub-contractor's litigation expenses between the railroad and it. We affirm the judgment.

The railroad entered into a written agreement with the prime contractor to have substantial modifications and improvements made to the Moffat Tunnel. This agreement contained no provision for the recovery of attorney fees in the event of litigation.

A subsequent agreement was then executed by the prime contractor and the sub-contractor under which the sub-contractor agreed to provide a portion of the labor and materials required by the railroad's contract. Unlike the prime contract, however, the sub-contract provided that the prevailing party in any litigation concerning the

Faegre & Benson, Michael J. Cook and Catherine A. Lemon, Denver, for cross-claim plaintiff-appellee and cross-appellant David C. Olson, Inc., d/b/a DCO Contractors, Inc., a Colorado corporation.

rights or obligations under the sub-contract would be entitled to recover reasonable attorney fees from the other party.

As construction on the project progressed, substantial problems arose and a 15–month delay in completion resulted. This delay caused both the prime contractor and the sub-contractor to suffer a substantial increase in costs.

The prime contractor asserted that the delay resulted, in part, from certain acts and omissions of the railroad and, in part, from the deficient work of the sub-contractor. Thus, it refused to pay the sub-contractor for a portion of the work that had been completed under the sub-contract, and it initiated legal action against the railroad seeking to recover additional costs and expenses caused by that portion of the delay allegedly attributable to the railroad. The damages requested in the prime contractor's action against the railroad also included the additional costs and expenses of the sub-contractor, resulting from the delay, for which the prime contractor became liable under the sub-contract.

The trial court found that the sub-contractor's work was not deficient and that the prime contractor's refusal to pay the sub-contractor for a portion of its work was, therefore, improper. It further found, however, that the railroad was the party primarily responsible for the delay in the project and that both the prime contractor and the sub-contractor had incurred substantial additional expenses and liabilities as a result of the delay.

Based on these findings, the trial court entered a judgment in favor of the sub-contractor and against the prime contractor for a sum representing (1) the amount that was owed to the sub-contractor under the original sub-contract and approved change orders, (2) the additional costs and expenses resulting to the sub-contractor because of the delay, and (3) reasonable attorney fees pursuant to the terms of the sub-contract.

In addition, a judgment was entered against the railroad and in favor of the prime contractor for a sum representing (1) the additional costs and expenses incurred directly by the prime contractor as a result of the delay and (2) the amount owed by the prime contractor to the sub-contractor, including 57.73% of the attorney fees included within the sub-contractor's judgment against the prime contractor. The trial court's allocation of the sub-contractor's attorney fees was based on its finding that 42.27% of the sub-contractor's damages resulted from the prime contractor's refusal to pay a portion of the original sub-contract price (which the railroad had tendered, but the prime contractor had refused), while 57.73% of those damages resulted from the railroad's delay.

I.

The railroad asserts that the prime contractor was not entitled to any reimbursement for the sub-contractor's attorney fees as an item of damages because such recovery was not authorized either by the prime contract or by any statute. Under the unique circumstances presented here, we disagree.

The general "American rule" bars a litigant from recovering his attorney fees unless such an award is authorized either by contract or by statute. *Publix Cab Co. v. Colorado National Bank*, 139 Colo. 205, 338 P.2d 702 (1959). *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Here, since the railroad was not a party to the contract between the prime contractor and the sub-contractor, we agree that the sub-contract's provision for attorney fees could not, itself, justify an award of such fees against the railroad.

Nevertheless, we are convinced that the trial court's award in this case was not an award of *attorney fees*, as such. The award was grounded upon the *judgment* that was entered by the court against the prime contractor; it was not based upon any fees incurred by the prime contractor.

Once a judgment enters, the nature of a party's liability changes. The liability arising from a judgment is a new one, distinct from the liability upon which the judgment is based, and any prior liability merges into

that judgment. *Ahearn v. Goble*, 90 Colo. 173, 7 P.2d 409 (1932) (liability under judgment survives death even though preceding liability might not have); *Bassett v. Eagle Telecommunications, Inc.*, 750 P.2d 73 (Colo.App.1987) (once judgment enters, statutory provisions relating to interest on appeal applies to entire judgment irrespective of differing basis for portion of damages). *See also Scognamillo v. Olsen*, ——— P.2d ——— (Colo.App. No. 87CA1489, February 1, 1990) (client may collect from attorney full amount of judgment resulting from attorney's negligence even though a portion of judgment was for punitive damages).

Circumstances similar to the facts disclosed by this record are to be found in *Roach Aircraft, Inc. v. Sable*, 513 P.2d 244 (Colo.App.1973) (not selected for official publication). There, a bank's violation of an agreement to release the plaintiff from liability under a promissory note caused the original payee of the note to sue the plaintiff. In that litigation, the payee was awarded a judgment which included the attorney fees called for by the note. In a later suit by plaintiff against the bank, judgment was entered against the bank for the full amount of the payee's recovery against the plaintiff, including that portion of the judgment representing attorney fees. In affirming the award, a division of this court noted that it was the "total judgment" entered in the first litigation that became plaintiff's "measure of damages" in his later suit against the bank.

As in the *Roach Aircraft* case, the attorney fees that the court ordered the prime contractor to pay to the sub-contractor in this case were merely a part of the damages included within the judgment against the prime contractor that was entered as a result of the railroad's breach of contract. Thus, once the judgment entered against the prime contractor, its liability to the sub-contractor was no longer for attorney fees; its liability was grounded upon the judgment itself. And, for the purpose of determining the railroad's liability for the entry of that judgment, the attorney fees assessed against the prime contractor are not different in character from the type of damages that might have been incurred had the sub-contract called for liquidated delay damages or default interest.

We recognize that similar claims were asserted, but denied, in *ABD Management Corp. v. Robert L. Turchin, Inc.*, 490 So.2d 202 (Fla.App.1986) and *Norin Mortgage Corp. v. Wasco, Inc.*, 343 So.2d 940 (Fla. App.1977). However, in each of those cases the court's denial of the claim was based upon the conclusion that the contract violation, a partial failure to pay, did not cause the ensuing litigation by the sub-contractor. Both courts noted that a prime contractor is not relieved of the obligation to pay a sub-contractor merely because of the owner's failure to pay the prime contractor.

Here, in contrast, the railroad's contract violation consisted in hindering and delaying both the prime contractor's and the sub-contractor's performance. Indeed, the railroad does not now contest its liability to the prime contractor for the additional expenses suffered by the sub-contractor as a result of the railroad's actions.

Nor is it significant in our view that the judgment against the prime contractor upon which the damage award against the railroad was based was entered in the same, rather than in separate, proceedings. Since it is the judgment against the prime contractor, rather than any attorney fees incurred by it, upon which that award was based, the rule announced in *McNeill v. Allen*, 35 Colo.App. 317, 534 P.2d 813 (1975), is inapplicable.

A judgment against the prime contractor for attorney fees under the sub-contract was a natural and reasonably foreseeable result of the railroad's breach of contract. Thus, to the extent that it was the railroad's actions which caused that judgment to enter, the railroad is responsible for that judgment, irrespective of the nature of the underlying damages. *See Scognamillo v. Olsen, supra.*

## II.

■ In its cross-appeal, the prime contractor argues that the trial court erred in

limiting its award against the railroad to only 57.73% of the total fees for which the prime contractor became liable under the sub-contract. We disagree.

The prime contractor does not object to the formula employed by the trial court in allocating fees, which was based upon the amount of the sub-contractor's damages caused by the railroad and the prime contractor, respectively. Rather, it argues that there is no evidentiary support for the court's finding that it was the actions of the prime contractor that caused 42.27% of the sub-contractor's damages.

However, the evidence supports the trial court's findings that of the damages suffered by the sub-contractor, which totalled $879,541.61, only $507,766.90 (or 57.73%) represented additional expenses incurred by the sub-contractor as a result of the railroad's actions. The remaining $371,774.71 (or 42.27%) was the amount due to the sub-contractor either under the original sub-contract or as a result of approved change orders.

Of this latter amount, the railroad tendered to the prime contractor payment for a substantial portion, conditioned upon the prime contractor's payment of the sub-contractor. The prime contractor refused such tender.

Further, even had such tender not been made, the failure of an owner to pay a prime contractor does not relieve that prime contractor from the obligation to pay a sub-contractor. Thus, mere non-payment by an owner is not the legal cause for suit by a sub-contractor against the prime contractor to recover payments due under the sub-contract. *ABD Management Corp. v. Robert L. Turchin, Inc., supra; Norin Mortgage Co. v. Wasco, Inc., supra.*

The trial court's allocation of fees was based upon its findings as to the relative fault of the railroad and the prime contractor in causing those fees to be incurred by the sub-contractor. Since those findings are supported by the evidence, they are binding on appeal. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

Judgment affirmed.

HUME and NEY, JJ., concur.