**INDIAN MOUNTAIN METROPOLITAN RECREATION AND PARK DISTRICT,**
Plaintiff–Appellee,

v.

**J.P. CAMPBELL AND ASSOCIATES, a Colorado corporation, Defendant–Appellant.**

No. 95CA1812.

Colorado Court of Appeals,
Div. I.

June 13, 1996.

Jon Slaughter Pelegrin & Associates, P.C., Jon Slaughter Pelegrin, Lakewood, for Plaintiff–Appellee.

Bucholtz, Bull & Ewing, P.C., Alan H. Bucholtz, Denver, for Defendant–Appellant.

Opinion by Judge CRISWELL.

Defendant, J.P. Campbell and Associates, appeals from an order of the trial court holding that post-judgment interest on a previous judgment in favor of defendant and against plaintiff, Indian Mountain Metropolitan Recreation and Park District, was not to accrue during the pendency of an appeal initiated and prosecuted by defendant. We reverse and remand with directions.

In 1991, plaintiff filed a lawsuit seeking the return of two parcels of land which plaintiff asserted had been conveyed erroneously to defendant and another entity. The trial court quieted title in plaintiff to the two parcels, but it also entered judgment against plaintiff for $25,000 for improvements defendant had made to the parcels.

Defendant then appealed the trial court's quiet title decree, asserting that it should have been awarded title to the property, rather than the $25,000 compensation for its improvements. This court affirmed the trial court's judgment, *see Indian Mountain Metropolitan Recreation and Park District v. Indian Mountain Corp.* (Colo.App. Nos. 93CA1420 & 94CA0339, December 1, 1994) (not selected for official publication), and the Colorado Supreme Court denied certiorari.

Thereafter, plaintiff filed a motion in the trial court, seeking to limit the post-judgment interest which defendant could collect on its $25,000 judgment. It sought to preclude recovery of post-judgment interest during the period of defendant's appeal. Plaintiff argued that it had attempted to sell one of the parcels to pay the judgment, but, because defendant had filed a *lis pendens* giving notice of its appeal, a sale could not be completed. Plaintiff acknowledged that it owed interest from the date of the judgment until the appeal was filed and from the date the mandate issued until the date of payment.

■ The trial court, without holding a hearing, granted plaintiff's motion and ordered plaintiff to pay post-judgment interest only for the periods before and after defendant's appeal. Defendant contends that this was error. We agree.

■ The right to interest, absent an agreement to pay it, is purely statutory and is limited to those circumstances set forth in the statute. *See I.M.A., Inc. v. Rocky Mountain Airways, Inc.,* 713 P.2d 882 (Colo. 1986); *Weaver v. First National Bank,* 138 Colo. 83, 330 P.2d 142 (1958).

Colorado's general post-judgment interest statute, § 5–12–102(4), C.R.S. (1992 Repl.Vol. 2), provides, in relevant part, that:

> Except as provided in section 5–12–106, creditors *shall* be allowed to receive interest on *any judgment* recovered before any court authorized to enter the same within this state from the date of entering said judgment until satisfaction thereof is made .... (emphasis added)

Section 5–12–106, C.R.S. (1992 Repl.Vol. 2) provides that certain differing rates should

be paid on a judgment, if the "judgment debtor" appeals. It does not provide any exception to the general interest statute in those circumstances in which a judgment creditor appeals. And, it does not, in any case, provide for a cessation of interest during the appeal of a judgment that is affirmed.

 If a statute is free from ambiguity, there is no room for interpretation or construction beyond giving effect to the common and accepted meaning of the words employed by it. *Goldy v. Crane,* 167 Colo. 44, 445 P.2d 212 (1968). Further, the words and phrases in statutes are to be construed according to their familiar and generally accepted meaning; if the language of the statute is plain, its meaning clear, and no absurdity results, no strained interpretation should be adopted. *Willer v. City of Thornton,* 817 P.2d 514 (Colo.1991).

According to its plain language, the interest allowed by § 5–12–102(4) applies to "all judgments," except those covered under § 5–12–106. Section 5–12–106, in turn, applies only to appeals by judgment debtors. Thus, because judgments appealed by judgment creditors are not covered by § 5–12–106, they remain within the broad coverage of § 5–12–102(4); interest on such a judgment continues to accrue at the rate established by § 5–12–102(4) until it is satisfied.

Defendant was a creditor with respect to the $25,000 judgment against plaintiff. It was, therefore, entitled to receive interest on such amount during its appeal pursuant to § 5–12–102(4), irrespective of its success with respect to the appeal of the quiet title decree.

This conclusion is consistent with judicial opinions from other jurisdictions, which have also concluded that general post-judgment interest statutes authorize interest on a judgment during the pendency of an appeal by a judgment creditor. *See Henley v. Mabry,* 125 Ga.App. 293, 187 S.E.2d 309 (1972); *In re Marriage of Passiales,* 144 Ill.App.3d 629, 98 Ill.Dec. 419, 494 N.E.2d 541 (1986); *see also Giant Food, Inc. v. Jack I. Bender & Sons,* 399 A.2d 1293 (D.C.App.1979) (absent waiver or conduct estopping creditor from claiming interest pending appeal, judgment creditor should not be penalized for seeking more favorable award through an appeal).

*Contra Barth v. Barth,* 293 S.C. 305, 360 S.E.2d 309 (1987) (general post-judgment interest statute not intended to cover period of unsuccessful appeal by judgment creditor); *Paola v. Commercial Union Assurance Companies,* 490 A.2d 498 (R.I.1985).

Furthermore, as plaintiff concedes, it could have avoided the accrual of interest during the period of defendant's appeal had it deposited the amount of the judgment into the registry of the court. *See Bassett v. Eagle Telecommunications, Inc.,* 750 P.2d 73 (Colo. App.1987); C.R.C.P. 58(b).

We conclude, therefore, that the trial court improperly reduced defendant's post-judgment interest for the period of its appeal of the underlying judgment. Hence, we need not address defendant's contention that the trial court should have conducted an evidentiary hearing prior to ruling on plaintiff's motion.

The judgment is reversed, and the cause is remanded with directions that the trial court enter an order consistent with the views set forth in this opinion.

METZGER and JONES, JJ., concur.