**BOARD OF COUNTY COMMISSIONERS OF DOLORES COUNTY and Dolores County Treasurer, Plaintiffs–Appellants,**

v.

**SHELL WESTERN E & P, INC., Defendant–Appellee.**

No. 99CA1368.

Colorado Court of Appeals, Div. III.

Sept. 14, 2000.

Dyer, Dilts, Beisel & Starr, P.C., Guy B. Dyer, Jr., Todd M. Starr, Cortez, Colorado, for Plaintiffs–Appellants.

Holland & Hart, LLP, Alan Poe, Perry L. Glantz, Greenwood Village, Colorado, for Defendant–Appellee.

Opinion by Judge ROY.

In this property tax matter, plaintiffs, the Dolores County Board of County Commissioners (BOCC) and the Dolores County

Treasurer (collectively the County), appeal from the district court judgment denying their claim for post-judgment interest on certain amounts due from defendant, Shell Western E & P, Inc. (SWEPI). The County claimed entitlement to such interest after it had prevailed in earlier litigation brought by SWEPI challenging certain tax and interest assessments in separate administrative proceedings under the abatement/refund procedure. We affirm.

The pertinent facts are undisputed. For the 1985 through 1990 tax years, SWEPI failed to file the required declaration schedules for assessment of property taxes on its oil and gas leasehold interests in Dolores County. Instead, SWEPI had erroneously reported all of the production allocable to Dolores County to the assessor for a neighboring county for those tax years. Based on the belated filings, on December 24, 1992, the Dolores County Treasurer issued assessments of taxes and delinquent interest to SWEPI on the previously omitted property for those tax years.

In 1993, SWEPI filed abatement/refund petitions with the BOCC challenging these additional assessments. SWEPI later withdrew its petitions for the 1986 through 1990 tax years as to both the taxes assessed and the delinquent interest accruing from the date of assessment, December 24, 1992, and paid the taxes and the accrued interest it no longer contested.

However, SWEPI continued to challenge the assessment of both taxes and interest for the 1985 tax year, and the assessment of delinquent interest on the 1986 through 1990 tax years accruing prior to December 24, 1992. These challenges were ultimately denied. *See Shell Western E & P, Inc. v. Dolores County Board of Commissioners,* 948 P.2d 1002 (Colo.1997).

Following the supreme court's ruling, SWEPI paid the challenged taxes and interest in full. The County thereafter brought this declaratory judgment action in the district court, seeking a judgment against SWEPI for post-judgment interest allegedly due on the interest which had accrued on the 1986 through 1990 taxes from the date they were originally due until they were assessed on December 24, 1992. The County's asser-

tion is, *inter alia,* that without post-judgment interest, SWEPI is not required to pay interest on the interest which accrued on the 1986 through 1990 taxes from the date the taxes were due until they were assessed. Therefore, SWEPI got the use of monies due the County interest-free.

Interest on delinquent taxes is governed by § 39–10–104.5, C.R.S.2000, which provides that interest accrues at the rate of 12% per annum from the date the taxes are due, until paid. There is no compounding of interest under that statute.

The County claimed entitlement to interest pursuant to the general post-judgment interest statute. Sections 5–12–102(4) and 5–12–106, C.R.S.2000. Section 5–12–102(4) provides for post-judgment interest and states:

> [C]reditors shall be allowed to receive interest on any judgment recovered before any court authorized to enter the same within this state from the date of entering said judgment until satisfaction thereof is made
>
> . . . .

Section 5–12–106(1), C.R.S.2000, provides for post-judgment interest in the event of an appeal and, in pertinent part, states:

> [W]here there is no written agreement as to the rate of interest, creditors shall receive interest as follows:
>
> (a) If a *judgment for money in a civil case* is appealed by a judgment debtor and the judgment is affirmed, interest . . . shall be payable from the date of *entry of judgment in the trial court* until satisfaction of the judgment and shall include compounding of interest annually. (emphasis added)

■ The County argues that it is entitled to interest under these provisions, compounded annually, on the interest payment wrongfully "withheld" arising from the "judgment" entered against SWEPI for the accrued delinquent interest by the BOCC in 1993 or, alternatively, by the Board of Assessment Appeals in 1994. We are not persuaded.

■ The right to interest, absent an agreement to pay it, is purely statutory, and is limited to those circumstances set forth in

the statute. *Indian Mountain Metropolitan Recreation & Park District v. J.P. Campbell & Associates,* 921 P.2d 65 (Colo.App.1996).

A judgment creditor whose claim falls within the clearly expressed wording of §§ 5–12–102(4) and 5–12–106 is entitled to post-judgment interest under those statutes. *Bainbridge, Inc. v. Douglas County School District RE–1,* 973 P.2d 684 (Colo.App.1998).

Here, there simply was never any "judgment" entered in any "trial court" to which these statutory post-judgment provisions could apply. To the contrary, regardless of any adjudication of liability in the underlying administrative proceedings, these circumstances do not fall within the plain language of §§ 5–12–102(4) and 5–12–106.

 Because the language of the interest statutes is plain, its meaning clear, and no absurdity results, we must give effect to the statutory terms as written according to their common and generally accepted meaning. *See Indian Mountain Metropolitan Recreation & Park District v. J.P. Campbell & Associates, supra.* Thus, we conclude that the provisions of §§ 5–12–102(4) and 5–12–106 are inapplicable to the circumstances here presented, and the district court properly rejected the County's claim to post-judgment interest.

In addition, we note that the County could have become entitled to post-judgment interest had it commenced proceedings in court to collect the delinquent interest. Section 39–7–108, C.R.S.2000, provides that taxes on oil and gas leaseholds are a "debt" and are "recoverable by the treasurer by direct action in debt," including the collection methods applicable to personal property taxes. Further, § 39–10–112, C.R.S.2000, authorizes a county treasurer to sue the owner of personal property to collect delinquent personal property taxes "and any delinquent interest thereon," and provides that, upon judgment, "execution shall issue as in other cases." We reject the County's argument that such an action was precluded by SWEPI's pursuit of the administrative remedies. To the contrary, district court collection actions and administrative proceedings are separate and independent avenues for the adjudication of property tax disputes and are governed by different statutes.

Finally, contrary to the County's argument, SWEPI's liability for the accrued delinquent interest did not arise from the administrative proceedings. Rather, the administrative proceedings were limited to the adjudication of SWEPI's challenges to the assessments. *See Huerfano County Board of County Commissioners v. Atlantic Richfield Co.,* 976 P.2d 893 (Colo.App. 1999).

In view of this disposition of the issues, we need not address the remaining contentions of the parties.

The judgment is affirmed.

Judge NEY and Judge DAVIDSON concur.