**Lisa T. KENNEDY, Plaintiff–Appellant,**

v.

**KING SOOPERS INC., Defendant–Appellee,**

**and Concerning Curtis L. Kennedy, Attorney–Appellant.**

**No. 05CA1066.**

Colorado Court of Appeals,
Div. III.

Sept. 7, 2006.

Curtis L. Kennedy, Denver, Colorado, for Plaintiff–Appellant and Attorney–Appellee.

Sherman & Howard, L.L.C., Andrew W. Volin, Denver, Colorado; Raymond M. Deeny, Colorado Springs, Colorado, for Defendant–Appellee.

Opinion by Judge RUSSEL.

Plaintiff, Lisa T. Kennedy, and her attorney, Curtis L. Kennedy, appeal the trial court's order awarding attorney fees and costs against them. We affirm in part, reverse in part, and remand with directions.

## I. Background

Plaintiff sued her work supervisor in state court. She alleged that the supervisor had tortiously interfered in her employment relationship with King Soopers Inc. (employer).

The supervisor removed the case to federal court and filed a motion to dismiss, arguing that plaintiff's complaint was preempted by the federal Labor Relations Management Act, 29 U.S.C. § 185, et seq. Following litigation in the federal trial and appellate courts, the case was remanded to the state trial court.

On remand, the supervisor again moved for dismissal on the basis of federal preemption. On July 16, 2002, the trial court granted the supervisor's motion and dismissed plaintiff's complaint under C.R.C.P. 12(b)(1). Plaintiff did not appeal the trial court's order of dismissal.

Several months later, plaintiff filed a motion for relief from judgment under C.R.C.P. 60. The trial court denied this motion, and a division of this court affirmed the trial court's order. *Kennedy v. Lubar,* 2004 WL 2191213 (Colo.App. No. 03CA1879, Sept. 30, 2004) (not published pursuant to C.A.R. 35(f)) (*Kennedy I* ).

Because employer had paid for the supervisor's legal defense, it sought an award of attorney fees and costs under §§ 13–17–102 and 13–17–201, C.R.S.2005. On December 3,

2002, the court ruled that employer was entitled to an award of reasonable attorney fees and costs and ordered a hearing to determine reasonableness. On April 14, 2005, the trial court ordered plaintiff to pay $211,306.12 in attorney fees and $30,253.95 in costs, with interest to run from the date of dismissal, July 16, 2002. The court ruled that plaintiff and her attorney were jointly and severally liable for the total award.

Plaintiff and her attorney now appeal the order awarding attorney fees and costs.

## II. Issues Not Raised

As a preliminary matter, we note that plaintiff's attorney does not contest the trial court's decision to impose joint and several liability. We therefore do not consider whether the court properly imposed joint and several liability under § 13–17–201 or whether plaintiff's attorney would have any defenses to liability under the facts presented. Because plaintiff's attorney does not suggest that his interests are distinct from those of plaintiff, we refer to both parties as "plaintiff" and assume that their interests are identical.

## III. Liability for Fees and Costs

Plaintiff presents three arguments for reversal of the award of fees and costs: (A) the order of dismissal was improper because her claim was not preempted; (B) the order of dismissal did not trigger a mandatory award of fees and costs under § 13–17–201; and (C) the case does not warrant a discretionary award of fees and costs under § 13–17–102. We reject the first two arguments and do not reach the third.

### A. Order of Dismissal

Plaintiff requests reversal of the award of attorney fees on the ground that the trial court erred in dismissing her complaint. We conclude that this argument is unavailable to plaintiff.

The order of dismissal was a final, appealable judgment, even though the issue of attorney fees remained unresolved. *See Baldwin v. Bright Mortgage Co.,* 757 P.2d

1072 (Colo.1988). Because plaintiff did not appeal the judgment, the underlying order of dismissal is final and may not be collaterally attacked. *See People in Interest of E.E.A.,* 854 P.2d 1346, 1350–51 (Colo.App.1992); *Flickinger v. Ninth Dist. Prod. Credit Ass'n,* 824 P.2d 19, 23 (Colo.App.1991).

Plaintiff argues that she retains the ability under *Kennedy I* to contest the order of dismissal as part of her challenge to the award of attorney fees. We disagree. The division in *Kennedy I* stated that it would not address "whether the court erred in finding that it lacked jurisdiction based on the doctrine of preemption and in thus basing its award of attorney fees on § 13–17–201." The division did not suggest that plaintiff could raise the issue later. Plaintiff's argument contradicts an order issued in May 2003 by the motions division of this court. That order states: "[A]ny issues regarding the district court's order of July 16, 2002, are dismissed with prejudice."

### B.  Mandatory Award Under § 13–17–201

Section 13–17–201 mandates an award of fees and costs against any plaintiff whose tort action is dismissed pursuant to C.R.C.P. 12(b):

> In all actions brought as a result of a death or an injury to person or property occasioned by the tort of any other person, where any such action is dismissed on motion of the defendant prior to trial under rule 12(b) of the Colorado rules of civil procedure, such defendant shall have judgment for his reasonable attorney fees in defending the action.

▆▆▆▆ Plaintiff argues that § 13–17–201 is inapplicable here for two reasons: (1) when it dismissed plaintiff's complaint, the trial court effectively determined that plaintiff' sanction was grounded, not on tort law, but on the federal laws governing collective bargaining agreements; and (2) § 13–17–201 is itself preempted by federal law.

We reject both of these arguments:

1. The intent of the general assembly in enacting § 13–17–201 was to discourage the institution or maintenance of unnecessary tort claims. *Employers*

*Ins. v. RREEF USA Fund[–]II (Colo.), Inc.,* 805 P.2d 1186 (Colo.App. 1991). For purposes of applying the statute, we rely on the plaintiff's characterization of the claims in the complaint and do not consider what should or might have been pled. *See Sweeney v. United Artists Theater Circuit, Inc.,* 119 P.3d 538, 541 (Colo.App.2005). Because plaintiff's claims were pled as torts, the dismissal of plaintiff's case triggered a mandatory award under § 13–17–201.

2. "[F]ederal preemption is grounded in the Supremacy Clause and voids the applicability of a state statute to the extent that the statute conflicts with federal law." *State v. Golden's Concrete Co.,* 962 P.2d 919, 926 (Colo.1998). Here, unlike in *State v. Golden's Concrete Co., supra,* there is no conflict. Contrary to plaintiff's contention, it does not matter whether federal statutes authorize attorney fees for collective bargaining disputes because § 13–17–201 applies only to state tort actions.

We therefore conclude that the trial court properly awarded attorney fees and costs under § 13–17–201.

### C.  Discretionary Award
### Under § 13–17–102

Because we conclude that the award of attorney fees and costs was proper under § 13–17–201, we do not consider whether the award was also justified as a sanction for frivolous litigation under § 13–17–102.

### IV.  Amount of Fees and Costs

Plaintiff presents several arguments contesting the amount of fees and costs. We reject most of these arguments, but we conclude that the trial court erred in awarding interest from the date of dismissal.

### A.  Work in Federal Court

Plaintiff contends that the trial court erred in awarding fees and costs for unsuccessful work performed on the supervisor's behalf in the federal courts. We disagree.

■ A state court may award attorney fees for work in federal court if the work produced during the federal proceedings is also used in the state court proceedings. *Bd. of County Comm'rs v. Kraft Bldg. Contractors*, 122 P.3d 1019, 1025–26 (Colo.App.2005).

■ Here, the trial court found that the federal court work product was used and was helpful in the state court action. The record supports this finding. Employer's attorney testified that the federal litigation centered on the issue of preemption. Although the federal courts declined to rule on this issue and remanded the case to state court, the federal court work product formed the basis of the motion that ultimately was dispositive in state court.

■ Because the court's finding is supported by the record, it is binding on review. *See Bohrer v. DeHart*, 969 P.2d 801, 803 (Colo.App.1998) (trial court's findings of fact are binding on review unless they are clearly erroneous and not supported by the record). In light of this finding, we conclude that the court did not abuse its discretion in awarding fees for work performed in federal court.

For the same reasons, we find no abuse of discretion in the award of costs for the federal proceedings.

### B. State Court Costs

■ Plaintiff argues that the trial court abused its discretion in awarding certain costs to employer. An award of costs is within the sound discretion of the trial court and will not be reversed on appeal absent a clear abuse of discretion. *Ballow v. PHICO Ins. Co.*, 878 P.2d 672, 685 (Colo.1994). We perceive no abuse of discretion here.

### 1. Depositions and Computer Research

Plaintiff argues that the trial court erred in awarding costs of depositions and computer research because the case never went to trial. We disagree.

■ Deposition costs are allowed when the taking of the deposition and its general content were reasonably necessary for the development of the case in light of facts known to counsel when the deposition was taken. *Wark v. McClellan*, 68 P.3d 574 (Colo.App.2003). Trial is not necessary for an award of these costs. *See, e.g., Terry v. Sullivan*, 58 P.3d 1098 (Colo.App.2002). The trial court made the appropriate findings, and we perceive no abuse of discretion.

■ A party seeking to recover computerized legal research costs must show that (1) the client was billed for computerized legal research expenses separate from attorney fees; (2) the computerized legal research was necessary for trial preparation; and (3) the requested costs are reasonable. *Mackall v. Jalisco Int'l, Inc.*, 28 P.3d 975 (Colo.App. 2001). The trial court found all three factors, and we perceive no abuse of discretion. Contrary to plaintiff's contention, trial is not necessary.

### 2. Delivery and Telephone Charges

Plaintiff contends that costs for delivery charges, long distance phone calls, and faxes are unrecoverable overhead and administrative expenses. We disagree.

■ When the costs requested are not commingled with the general costs of conducting business, such costs are not overhead and, in the court's discretion, may be recovered. *Roget v. Grand Pontiac, Inc.*, 5 P.3d 341 (Colo.App.1999); *see also Harvey v. Farmers Ins. Exch.*, 983 P.2d 34 (Colo.App. 1998) (affirming trial court's award of delivery and long distance phone charges), *aff'd sub nom. Slack v. Farmers Ins. Exch.*, 5 P.3d 280 (Colo.2000). The trial court found that these costs were reasonable and not overhead, and we find no abuse of discretion.

### C. Interest

Plaintiff contends that the trial court erred in ordering interest on the award of fees and costs to run from the date on which her underlying action was dismissed. We agree.

■ "The right to interest, absent an agreement to pay it, is purely statutory, and is limited to those circumstances set forth in the statute." *Bd. of County Comm'rs v. Shell W. E & P, Inc.*, 12 P.3d 1219, 1220–21 (Colo.App.2000). Here, the award of interest was governed by § 5–12–102(4), C.R.S.2005,

which states: "[C]reditors shall be allowed to receive interest on any judgment recovered before any court authorized to enter the same within this state from the date of entering said judgment until satisfaction thereof is made . . . ."

We conclude that, within the meaning of § 5–12–102(4), the pertinent "judgment" was issued not on July 16, 2002, when the underlying action was dismissed, but on April 14, 2005, when the trial court issued its final appealable order determining the amount of fees and costs. Accordingly, we conclude that interest on this award must run from April 14, 2005.

Our conclusion comports with the decision in *Bassett v. Eagle Telecommunications, Inc.*, 750 P.2d 73 (Colo.App.1987). In that case, the plaintiff won an action for breach of contract and was awarded damages and attorney fees. Nearly two years after the verdict, the trial court determined the amount of fees and entered a single judgment on the award of damages and fees. The plaintiff later requested prejudgment and postjudgment interest. As pertinent here, the plaintiff asked that interest on the award of attorney fees run from the date of the verdict. The trial court denied this request and ordered interest to run from the date on which the fee award had been reduced to judgment. *Bassett v. Eagle Telecomms., Inc., supra*, 750 P.2d at 75.

A division of this court affirmed the trial court's ruling. The division ruled that the attorney fee award could not support an award of prejudgment interest because the fees were not "wrongfully withheld" for purposes of § 5–12–102(1)(a), C.R.S.2005. *Bassett v. Eagle Telecomms., Inc., supra*, 750 P.2d at 76. It also ruled that no judgment had entered until the amount of attorney fees had been quantified. *Bassett v. Eagle Telecomms., Inc., supra*, 750 P.2d at 76. Thus, the division in effect held that "postjudgment interest begins to accrue on fees and costs after entry of judgment on fees and costs." John R. Paddock, Jr., 16 *Colorado Practice Series* § 12.68.e n. 11 (2d ed.2005).

■ To the extent that *Bassett* stands for the proposition that there is no final appealable order until all issues regarding attorney fees have been resolved, it has been overruled. *See Baldwin v. Bright Mortgage Co., supra*, 757 P.2d at 1074. However, the *Bassett* division's holding—that postjudgment interest on an award of attorney fees runs from the date of the judgment quantifying the amount of fees—is consistent with subsequent cases holding that an award of attorney fees is not a final appealable order until the amount of fees has been established. *See Kennedy v. Gillam Dev. Corp.*, 80 P.3d 927, 929 (Colo.App.2003); *Axtell v. Park Sch. Dist. R–3*, 962 P.2d 319, 322 (Colo.App.1998); *see also* C.R.C.P. 54(a) (a "judgment" includes an order from which an appeal lies).

■ We hold, in harmony with *Bassett*, that when attorney fees are awarded, not as damages, but to shift the burden of litigation, interest on the award runs from the date of the final order quantifying the amount of fees, and not from any earlier judgment or order that might have established a party's right to recover damages or fees without specifying an amount.

We therefore reverse that part of the trial court's order awarding postjudgment interest from July 16, 2002, and remand with directions to order that interest run from April 14, 2005. Because plaintiff has appealed the trial court's judgment, the trial court on remand should award interest at the rate specified in § 5–12–106(1)(b), C.R.S.2005, rather than in § 5–12–102(4).

### D. Fees and Costs for Appeal

■ When a party is awarded attorney fees for a prior stage of the proceedings, it may recover reasonable attorney fees and costs for successfully defending the appeal. *Levy–Wegrzyn v. Ediger*, 899 P.2d 230, 233 (Colo.App.1994); *see also Henderson v. Bear*, 968 P.2d 144, 148 (Colo.App.1998) (party awarded fees under § 13–17–201 is entitled to reasonable attorney fees for defending the appeal). However, if the party is not entirely successful in defending the appeal, its award of appellate attorney fees may be adjusted to reflect the mixed result. *See* § 13–17–103(1)(g), C.R.S.2005 (in determining the amount of an attorney fee award, the court should consider "[t]he extent to which the party prevailed with respect to the amount of

and number of claims in controversy"); Colo. RPC 1.5(a)(4) (factors to be considered in determining the reasonableness of a fee include "the amount involved and the results obtained"); *see also Gershin v. Demming,* 685 N.E.2d 1125, 1131 (Ind.Ct.App.1997) ("Landlord is only entitled to recover the amount of appellate attorney fees that can be attributed to that portion of the appeal upon which she has prevailed."); *Goldman v. Alkek,* 850 S.W.2d 568, 578 (Tex.App.1993) (appellee is not entitled to recover the portion of appellate attorney fees attributable to an unsuccessful defense of the case).

■ Here, employer was largely, but not entirely, successful in defending the appeal. Therefore, on remand, the trial court shall determine and award the reasonable appellate attorney fees and costs that employer incurred in successfully defending the award of $211,306.12 in attorney fees and $30,253.95 in costs. However, in determining the amount of reasonable appellate attorney fees, the trial court should consider that employer was unsuccessful in defending the order awarding of postjudgment interest. *See Highlands Ranch Univ. Park, LLC v. Uno of Highlands Ranch, Inc.,* 129 P.3d 1020, 1028 (Colo.App.2005) (on remand, trial court may award reasonable fees and costs incurred by the partially prevailing party on appeal); *cf. Merrill Chadwick Co. v. October Oil Co.,* 725 P.2d 17, 19 (Colo.App.1986) (remanded for determination of the amount of attorney fees incurred in defense of one claim).

The order is reversed insofar as it awards interest on the award of fees and costs from July 16, 2002, and is affirmed in all other respects. The case is remanded to the trial court (1) to order interest on the original award of fees and costs to run from April 14, 2005, at the rate specified in § 5–12–106(1)(b), and (2) to determine and award the amount of reasonable attorney fees and costs that employer incurred in successfully defending the trial court's orders on appeal.

Judge TAUBMAN and Judge FURMAN concur.